Joshua A. Sussberg, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C.
Benjamin M. Rhode (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 17-10466 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DEBTORS' MOTION
## FOR ENTRY OF AN ORDER
## (I) AUTHORIZING THE DEBTORS TO
## (A) PREPARE A LIST OF CREDITORS IN LIEU OF
## SUBMITTING A FORMATTED MAILING MATRIX
## AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
## 50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING
## THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION
## INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING THE
## FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
## OF THESE CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854). The location of the Debtors' service address is: 2761 Fruitland Avenue, Vernon, California 90058.

BCBG Max Azria Global Holdings, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] respectfully state the following in support of this motion:

## **Relief Requested**

1.      By this motion, the Debtors seek entry of the order, substantially in the form attached hereto as **Exhibit A** (the "Order"), in accordance with the Rule 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"):  (a) authorizing the Debtors to:  (i) prepare a consolidated list of creditors in lieu of submitting separate mailing matrices for each Debtor (the "Creditor Matrix"), (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and Noticing Agent; (b) authorizing the Debtors to redact certain personal identification information for individual creditors; (c) approving the form and manner of notifying creditors of commencement of these chapter 11 cases; and (d) granting related relief.

## **Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry

---

[2]      A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Holly Felder Etlin, Chief Restructuring Officer of BCBG Max Azria Global Holdings, LLC, (I) in Support of Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on February 28, 2017 (the "Petition Date").

of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are Sections 105(a), 342(a), and 521 of the Bankruptcy Code, Rules 1007(a)(1) and (d) and 2002(a) and (f) of the Bankruptcy Rules, and Local Rules 1007-1 and 5075-1.

## Basis for Relief

5.      Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1(a) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor.  In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the 20 largest unsecured claims against the debtor.  Bankruptcy Rule 2002(a)(1) also provides that the clerk (or other person directed by the court) must give the debtor, the United States trustee, all creditors, and any indenture trustee at least 21-days' notice by mail of the meeting of creditors under Section 341 of the Bankruptcy Code.  Bankruptcy Rule 2002(f)(1) also provides that notice of "the order for relief" shall be sent by mail to all creditors.

6.      The Debtors submit that permitting them to maintain a single consolidated list of creditors in lieu of filing a separate creditor matrix for each Debtor is warranted under the circumstances of these chapter 11 cases.  Specifically, maintaining a single consolidated list of creditors will benefit the Debtors and their estates by allowing the Debtors to more efficiently provide required notices to parties-in-interest and reduce the potential for duplicate mailings. Indeed, many of the Debtors' creditors overlap and thus, to the extent that the Debtors are

3

required to maintain separate mailing matrices, a substantial number of parties likely would receive multiple copies of the same notice.

7.      More specifically, there are five entities that are Debtors in these chapter 11 cases. As of the Petition Date, the Debtors have borrowed or issued approximately $459.7 million in aggregate principal amount of funded indebtedness in addition to other obligations arising in the ordinary course of the Debtors' business operations. The Debtors estimate that there are many thousands of potential creditors and parties-in-interest (on a consolidated basis) in these chapter 11 cases. As such, requiring the Debtors to comply with the matrix requirements would be an exceptionally burdensome task and would greatly increase the risk and recurrence of error of information already on computer systems maintained by the Debtors or their agents.

8.      Accordingly, the Debtors, working with the Proposed Claims and Noticing Agent, have prepared a single, consolidated list of the Debtors' creditors in electronic format. To ensure that no parties-in-interest are prejudiced, the Debtors will make their consolidated list of creditors available in readable electronic format to any party in interest who so requests (or in non-electronic format at such requesting party's sole cost and expense). The Debtors therefore submit that the preparation and maintenance of a single consolidated creditor list is warranted under the facts and circumstances present in these chapter 11 cases.

9.      Concurrently with the filing of this motion, and in accordance with Local Rule 5075-1, the Debtors are seeking to retain Donlin, Recano & Company, Inc. as their notice and claims agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent").[3] If this

---

[3]    The request to retain the Proposed Claims and Noticing Agent is made pursuant to Section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties-in-interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Entry of an Order Pursuant to 28 U.S.C. § 156(c) Approving the Appointment and Retention of Donlin, Recano &*

(continued on next page)

application is granted, the Proposed Claims and Noticing Agent will, among other things, assist with the consolidation of the Debtors' computer records into a creditor database and complete the mailing of notices to the parties in such database.

10.     Specifically, the Debtors propose that the Proposed Claims and Noticing Agent undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "U.S. Trustee"), or as required by section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form annexed as **Exhibit 1** to **Exhibit A** attached hereto. (the "Notice of Commencement").   The Debtors believe that using the Proposed Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.   Additionally, the Proposed Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices.   Accordingly, the Debtors believe maintaining electronic-format lists of creditors rather than preparing and filing separate creditor matrices for each Debtor, will not only maximize efficiency and accuracy, but also reduce costs.

## I.     Cause Exists To Authorize the Debtors To Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.

11.     As stated above, unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, the Notice Rules require a debtor to file a list containing the name and address of each creditor.   In addition, and as discussed below, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim

---

*Company, Inc. as the Claims and Noticing Agent to the Debtors Nunc Pro Tunc to the Petition Date*, filed contemporaneously herewith.

of the creditors holding the 20 largest unsecured claims against the debtor.    Further,

Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as

the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least

21-days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the

[Bankruptcy] Code. . . ."  *See* Fed. R. Bankr. P. 2002(a)(1).  Bankruptcy Rule 2002(f)(1) also

provides that notice of "the order for relief" shall be sent by mail to all creditors.  Local

Rule 1007-1 directs a debtor to comply with any standing orders issued by the Court regarding

the filing of creditor lists.  Pursuant to Local Rule 5075-1, a debtor filing a petition with more

than 250 creditors, as is the case here, is required to retain an approved claims and noticing agent

pursuant to an order of the Court.

12.    Permitting the Debtors to maintain a consolidated list of their creditors in

electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of

these cases.  Indeed, because the Debtors have many thousands of potential creditors and other

parties-in-interest, converting the Debtors' computerized information to a format compatible

with the matrix requirements would be a burdensome task and would greatly increase the risk

and recurrence of error with respect to information already on computer systems maintained by

the Debtors or their agents.  As such, the Debtors submit that the proposed maintenance of an

electronic list of creditors under the auspices of the Proposed Claims and Noticing Agent is

consistent with applicable Local Rules.

13.    The Debtors, working together with the Proposed Claims and Noticing Agent,

already have prepared a single, consolidated list of the Debtors' creditors in electronic format.

The Debtors are prepared to make that list available in electronic form to any party in interest

6

who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the Court's clerk's office (the "Clerk of the Court").

14.     Courts in this jurisdiction have approved relief similar to the relief requested in this motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See*, *e.g.*, *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 16, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); *In re United Retail Grp., Inc.*, No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); *In re Eastman Kodak Co.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).[4]

## II.     Cause Exists To Authorize the Debtors to File a Single Consolidated List of the Debtors' 50 Largest Unsecured Creditors.

15.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders. . . ." *See* Fed. R. Bankr. P. 1007(d).   Because certain of the Debtors share many creditors and the Debtors operate as a single business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

16.     Compiling separate top 20 creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources.   Further, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.   As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in these chapter 11 cases is appropriate.

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

17.     Courts in this jurisdiction have approved relief similar to the relief requested in this motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See*, *e.g.*, *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. July 15, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re LightSquared, Inc.*, No. 12-12080 (SCC) (Bankr. S.D.N.Y. May 15, 2012); *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012); *In re United Retail Grp., Inc.*, No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); *In re Eastman Kodak Co.*, No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012).

## III.    Redaction of Certain Confidential Information.

18.     Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  *See* 11 U.S.C. § 107(c)(1)(A).  The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors—many of whom are the Debtors' employees—and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft.  The Debtors propose to provide, under seal, an un-redacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

## IV.    Authority to Mail Initial Notices to Creditors.

19.     As stated above, the Debtors request that the Proposed Claims and Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases.  The Proposed Claims and Noticing Agent's assistance with the mailing and preparation of creditor

lists and notices will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.  With such assistance, the Debtors can file a computer-readable consolidated list of creditors and also undertake all necessary mailings.

## Motion Practice

20.    This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion.  Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

## Notice

21.    The Debtors will provide notice of this motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' proposed asset-based lending revolving debtor-in-possession credit facility and the Debtors' prepetition asset-based lending revolving credit facility lenders; (d) counsel to the administrative agent under the Debtors' proposed debtor-in-possession term loan credit facility and the Debtors' prepetition tranche B term loan lenders; (e) counsel to the Debtors' prepetition tranche A term loan lenders; (f) counsel to the Debtors' prepetition new tranche A term loan lenders; (g) holders of BCBG Max Azria Global Holdings, LLC common units; (h) holders of BCBG Max Azria Global Holdings, LLC preferred units; (i) the United States Attorney's Office for the Southern District of New York; (j) the Internal Revenue Service; (k) the Environmental Protection Agency; (l) the office of the attorneys general for the states in which the Debtors operate; (m) the Securities and Exchange Commission; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

22.     No prior request for the relief sought in this motion has been made to this or any

other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 1, 2017

/s/ Joshua A. Sussberg
Joshua A. Sussberg, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Benjamin M. Rhode (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BCBG MAX AZRIA GLOBAL HOLDINGS, | ) | Case No. 17-10466 (___) |
| LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) PREPARE A LIST OF CREDITORS IN LIEU OF**
**SUBMITTING A FORMATTED MAILING MATRIX**
**AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS'**
**50 LARGEST UNSECURED CREDITORS, (II) AUTHORIZING**
**THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION**
**INFORMATION FOR INDIVIDUAL CREDITORS, (III) APPROVING THE**
**FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT**
**OF THESE CHAPTER 11 CASES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"):  (a) authorizing the Debtors to:  (i) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (ii) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (iii) mail initial notices through their Proposed Claims and Noticing Agent; (b) authorizing the Debtors to redact certain personal identification information for individual creditors; (c) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases; and (d) granting related relief, all as more fully set forth in the Motion; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854).  The location of the Debtors' service address is: 2761 Fruitland Avenue, Vernon, California 90058.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United*

*States District Court for the Southern District Of New York*, dated January 31, 2012; and that this

Court may enter a final order consistent with Article III of the United States Constitution; and

this Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and this Court having reviewed the motion and having heard the statements in support

of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Motion and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured

creditors in these chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured

creditors.

3.      In lieu of submitting a formatted mailing matrix, the Debtors shall make available

a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so

requests and in non-electronic form at such requesting entity's sole cost and expense.

2

4.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix to the Court, the U.S. Trustee, and any official committee of unsecured creditors appointed in these chapter 11 cases.

5.      The Notice of Commencement of these chapter 11 cases, substantially in the form attached to this Order as **<u>Exhibit 1</u>**, is hereby approved.

6.      The Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of these chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2017

_____
UNITED STATES BANKRUPTCY JUDGE

3

## **EXHIBIT 1**

**Notice of Commencement**

B9F (Official Form 9F) (Chapter 11 Corporation/Partnership Case) (12/12)

# UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK

## Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 11 bankruptcy case concerning the debtor(s) listed below were filed on February 28, 2017.  You may be a creditor of the Debtors.  **This notice lists important deadlines.**  You may want to consult an attorney to protect your rights.  **You are not being sued or forced into bankruptcy.**  All documents filed with the Bankruptcy Court, including lists of the Debtors' assets and liabilities, will be available for inspection at the Office of the Clerk of the Bankruptcy Court or by accessing the Bankruptcy Court's website, www.nysb.uscourts.com as well as (A) by written request to the Debtors' claims and noticing agent, BCBG Max Azria Global Holdings, LLC, c/o Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, New York 11219, or (B) by accessing the case website at https://www.donlinrecano.com/bcbg.  Note that you need a PACER password and login to access documents on the Bankruptcy Court's website (a PACER password is obtained by accessing the PACER website, http://pacer.psc.uscourts.gov).  NOTE: The staff of the bankruptcy clerk's office, the Office of the United States Trustee, and the Debtors' noticing and claims agent cannot give legal advice.

**Creditors -- Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side for Important Explanations.**

| Debtor(s) (name(s) and address)[1] | Case Number | Tax ID Number |
|---|---|---|
| BCBG Max Azria Global Holdings, LLC | Case No. 17-10466 (___) | 36-4776857 |
| BCBG Max Azria Group, LLC | Case No. 17-10465 (___) | 95-4255942 |
| BCBG Max Azria Intermediate Holdings, LLC | Case No. 17-10467 (___) | 37-1753673 |
| MLA Multibrand Holdings, LLC | Case No. 17-10468 (___) | 20-1943854 |
| Max Rave, LLC | Case No. 17-10469 (___) | 86-1159200 |

| | |
|---|---|
| All other names used by the Debtor(s) in the last 8 years (include trade names):<br><br>BCBG Max Azria Group, Inc.<br>MLA Multibrand Holdings, Inc. | Attorney for Debtor(s) (name and address):<br><br>**Joshua A. Sussberg, P.C.**<br>**Christopher J. Marcus, P.C.**<br>**Kirkland & Ellis LLP**<br>**Kirkland & Ellis International LLP**<br>**601 Lexington Avenue**<br>**New York, New York  10022**<br>**Telephone number:  (212) 446-4800**<br><br>**- and -**<br><br>**James H.M. Sprayregen, P.C.**<br>**Benjamin M. Rhode**<br>**Kirkland & Ellis LLP**<br>**Kirkland & Ellis International LLP**<br>**300 North LaSalle Street**<br>**Chicago, Illinois 60654**<br>**Telephone number:  (312) 862-2000** |

## Meeting of Creditors

Date:        /  /          Time:        (    ) _. M.        Location:   Office of the United States Trustee
80 Broad Street, 4th Floor,
New York, New York 10004-1408

## Deadline to File a Proof of Claim
Notice of deadline will be sent at a later time.

## Creditor with a Foreign Address:

---

[1]    The location of Debtor BCBG Max Azria Global Holdings, LLC's corporate headquarters and the Debtors' service address is: 2761 Fruitland Avenue, Vernon, California 90058.

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts:

Pursuant to Federal Rule of Bankruptcy Procedure 4007 - 60 days after the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341(a)

### Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtors and the Debtors' property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| Clerk of the Bankruptcy Court<br>One Bowling Green<br>New York, New York 10004-1408<br><br>**Telephone number:** 212-668-2870 | Clerk of the Bankruptcy Court: |
| Hours Open: 8:30 a.m. to 5:00 p.m. | Date: |

**EXPLANATIONS**                                                    **B9F (Official Form 9F) (12/12)**

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the Debtor(s) listed on the front side, and an order for relief has been entered.  Chapter 11 allows the Debtors to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office, the Office of the United States Trustee, and the Debtors' noticing and claims agent cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the Debtors can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side.  *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases.  However, parties can obtain a copy of all documents filed electronically with the Court in these cases, including lists of the Debtors' property and debts, by (i) contacting the Clerk of the Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Court's website at www.nysb.uscourts.com (note that a PACER http://www.pacer.psc.uscourts.gov password and login are needed to access documents on the Court's website), or (iii) accessing the Debtors' noticing and claims agent's website at https://www.donlinrecano.com/bcbg. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office or at the Debtors' noticing and claims agent's website at https://www.donlinrecano.com/bcbg.  You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Filing Deadline for a Creditor with a Foreign Address:**  The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtors, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d)(6)(A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side.  You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |