**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| <u>In re</u> ) | **Chapter 11** |
| ) | |
| **BCBG Max Azria Global Holdings, LLC, et al.,** ) | **Case No  17-10466** |
| ) | |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

### BCBG Max Azria Global Holdings, LLC

### Case No: 17-10466 (SCC)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, *et al.*,[1] | ) Case No. 17-10466 (SCC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODS, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

**General**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by BCBG Max Azria Global Holdings, LLC ("BCBG" or the "Company") and its four debtor affiliates, as chapter 11 debtors and debtors in possession (collectively the "Debtors") pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' advisors, and are unaudited.

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim (as defined in section 101(5) of the Bankruptcy Code, "Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed,"

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854). The location of the Debtors' service address is: 2761 Fruitland Avenue, Vernon, California 90058.

"contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers).

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event will the Debtors or their agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

The Schedules and Statements have been signed by Deborah Rieger-Paganis, Interim Chief Financial Officer of the Debtors and authorized agent at each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Ms. Rieger-Paganis necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Ms. Rieger-Paganis has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "<u>Global Notes</u>") are incorporated by reference in, and

comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

## Global Notes and Overview of Methodology

### Description of the Cases and Information Date

On February 28, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases are being jointly administered under Case No. 17-10466 (SCC). The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 2, 2017, an order was entered directing joint administration of these chapter 11 cases [Docket No. 66]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of January 28, 2017, the end of the debtors fiscal year, and the liability data of the Debtors as of the close of business on the Petition Date.

### Basis of Presentation

For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the parent Debtor. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

---

[2]  These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

**Amendment of Schedules and Statements**

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary or appropriate.

## General Disclosures Applicable to Schedules and Statements

1.    **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2.    **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' business. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

3.    **Claim Designations**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate. Listing a claim does not constitute an admission of liability by the Debtors.

4.    **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.    **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

6.    **Court Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about March 3, 2017 and March 28, 2017 (collectively, the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, lienholders, exporters, importers, customer credits/refunds, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements.

7.    **Other Paid Claims.**    To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

8.    **Valuation**.    It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of January 28, 2017 are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balance as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

9.    **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

10.    **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable. In addition and as set forth above, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. Also, certain immaterial assets and liabilities may have been excluded. In addition, certain immaterial assets and liabilities may have been excluded.

11.    **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party.

12.    **Leases**. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules.

13.    **Contingent Assets**. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliate Debtor entities for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guarantees, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

14. **Receivables and Payables**.  The Debtors have not listed individual customer accounts receivable balance information as the Company considers its customer list to be proprietary and confidential.

15. **Intercompany Accounts**.  The Debtors record intercompany assets and liabilities through intercompany trade (includes trade and other business-related transactions) accounts. Intercompany trade accounts record sales-type transactions between BCBG's subsidiaries and affiliates. The Debtors have eliminated intra-company activity within each legal entity. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (IV) Authorizing the Debtor to Continue Intercompany Transactions and (III) Grant Related Relief* [Docket No. 14] (the "Cash Management Motion").

16. **Guarantees and Other Secondary Liability Claims**.  The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified.

17. **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

18. **Executory Contracts**.  Although the debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

19. **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

20.    **Estimates**.  To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

21.    **Fiscal Year**.  Each Debtor's fiscal year ends on or about January 31.

22.    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

23.    **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

24.    **Inventory.**  Inventories are stated at the lower of cost or market.  Cost is net of purchase discounts.  Cost is determined on the first-in, first-out (FIFO) method.  The Debtors evaluates its inventories by assessing slow moving product as well as prior seasons' inventory. Market value of aged inventory is estimated based on historical sales trends for each product line category, the impact of market trends, and evaluation of economic conditions and the value of current orders relating to the future sales of this type of inventory.

25.    **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

26.    **Interest in Subsidiaries and Affiliates**.  BCBG Max Azria Global Holdings LLC is a holding company with each of the other Debtors being wholly-owned indirect subsidiaries of BCBG Max Azria Global Holdings, LLC.  Each Debtor's Schedule A/B15 or Statement 25 contains a listing of the current capital structure of the Debtors and includes ownership interests.

27.    **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

28.    **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

29.    **Setoffs**.    The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

30.    **Insiders**.    For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 20% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only.    The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

31.    **Controlling Shareholders**.    For purposes of the Schedules and Statements, the Debtors define "controlling shareholders" to include entities that directly hold in excess of 20% of the voting shares of the applicable Debtor entity.    Entities listed as "controlling shareholders" have been included for informational purposes only.    The Debtors do not take any position with respect to such entity's influence over the control of the Debtors or whether such entity could successfully argue that it is not a "controlling shareholder" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose..

32.    **Payments**.    The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "Cash Management System") (as described in the Cash Management Motion).    Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

33.    **Totals**.    All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.    To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.    The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.    To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

**Specific Notes Regarding Schedule A/B**

1.     **Schedule A/B-3 - Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists closing bank balances as of February 28, 2017.

2.     **Schedule A/B-15 – Stock and interests in incorporated and unincorporated businesses**.  See Schedule Exhibit A/B-15 for additional businesses the Debtor was a parent of or owned a significant interest in.

3.     **Schedule A/B-21 – Inventory, excluding agricultural assets.** With respect to inventory obsolescence reserve, the Company reserves 100% for any merchandise older than seven years.  A pro-rated method is used for any merchandise that are between three to six years. Furthermore, a lower cost of market reserve is calculated based on GAAP.

4.     **Schedule A/B-39 - Office Equipment**.  Certain of the Debtor's office equipment, furnishings, and supplies are not capitalized based on its accounting policies and procedures. These assets are not listed herein.

5.     **Schedule A/B-40 - Business Equipment**.  Certain of the Debtor's machinery, fixtures, equipment, and supplies used in business are not capitalized based on its accounting policies and procedures. These assets are not listed herein.

**BCBG Max Azria Global Holdings, LLC**                              **Case Number:   17-10466 (SCC)**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---|---|

1.    **Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---|---|---|---|

2.    **Cash on hand**

2.1 _____

3.    **Checking, savings, money market, or financial brokerage accounts (Identify all)**

3.1 _____

4.    **Other cash equivalents (Identify all)**

4.1 _____

5.    **Total of Part 1.**

Add lines 2 through 4. Copy the total to line 80.

**BCBG Max Azria Global Holdings, LLC**                    Case Number:    17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---|---|

6.   **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

7.   **Deposits, including security deposits and utility deposits**
      Description, including name of holder of deposit

   7.1 _____    _____

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
      Description, including name of holder of prepayment

   8.1 _____    _____

9.   **Total of Part 2**
      Add lines 7 through 8. Copy the total to line 81.                    _____

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---------|---------------------|

10.  **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---------------------|--------------------------|---------------------------|-------------------------------------|

11.  Accounts receivable

11a. 90 days old or less: _____ - _____ = _____

11b. Over 90 days old: _____ - _____ = _____

11c. All accounts receivable: _____ - _____ = _____

12.  **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**BCBG Max Azria Global Holdings, LLC**                                   Case Number:  17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13.  **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---------------------|------------------------------------------|-------------------------------------|

14.  **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:

| 15.1 | INVESTMENT IN SUBSIDIARIES - BCBG MAX AZRIA INTERMEDIATE HOLDINGS, LLC (OWNERSHIP: 100.0%) | NONE | Undetermined |
|------|---------------------------------------------------------------------------------------------|------|--------------|

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1

17.  **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| **Undetermined** |
|------------------|

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets - detail |
|---|---|

18.   **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19.   Raw materials** | | | | |
| 19.1 | | | | |
| **20.   Work in progress** | | | | |
| 20.1 | | | | |
| **21.   Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | |
| **22.   Other Inventory or supplies** | | | | |
| 22.1 | | | | |

23.   **Total of Part 5**

    Add lines 19 through 22. Copy the total to line 84.

24.   **Is any of the property listed in Part 5 perishable?**

    ☐ No

    ☐ Yes

25.   **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes.   Book Value _____    Valuation method _____    Current value _____

26.   **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

BCBG Max Azria Global Holdings, LLC                                          Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

**Part 6:**          Farming and fishing-related assets (other than titled motor vehicles and land)

27.  Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

☑  No. Go to Part 7.

☐  Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28.  Crops—either planted or harvested** | | | |
| 28.1 | | | |
| **29.  Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| **30.  Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| **31.  Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| **32.  Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33.  **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

_____

34.  **Is the debtor a member of an agricultural cooperative?**

☐  No

☐  Yes. Is any of the debtor's property stored at the cooperative?

☐  No

☐  Yes

35.  **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐  No

☐  Yes.     Book Value _____     Valuation method _____     Current value _____

36.  **Is a depreciation schedule available for any of the property listed in Part 6?**

☐  No

☐  Yes

37.  **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐  No

☐  Yes

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles - detail

38.   **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39.   **Office furniture**

39.1 _____  _____  _____  _____

40.   **Office fixtures**

40.1 _____  _____  _____  _____

41.   **Office equipment, including all computer equipment and communication systems equipment and software**

41.1 _____  _____  _____  _____

42.   **Collectibles**

42.1 _____  _____  _____  _____

43.   **Total of Part 7**                                                          _____

Add lines 39 through 42. Copy the total to line 86.

44.   **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☐ Yes

45.   **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No
☐ Yes

**BCBG Max Azria Global Holdings, LLC**                                          Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

46.    **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1 _____  _____  _____  _____

48.    **Watercraft, trailers, motors, and related accessories**
       Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____  _____  _____  _____

49.    **Aircraft and accessories**

49.1 _____  _____  _____  _____

50.    **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  _____

51.    **Total of Part 8**                                                    _____

       Add lines 47 through 50. Copy the total to line 87.

52.    **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.    **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:  17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
|---|---|

54.   **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55.   **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| 55.1 | NONE | | $0 | | $0 |
|---|---|---|---|---|---|

56.   **Total of Part 9**

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

| $0 |
|---|

57.   **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

58.   **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:  17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

60.  **Patents, copyrights, trademarks, and trade secrets**

60.1

61.  **Internet domain names and websites**

61.1

62.  **Licenses, franchises, and royalties**

62.1

63.  **Customer lists, mailing lists, or other compilations**

63.1

64.  **Other intangibles, or intellectual property**

64.1

65.  **Goodwill**

65.1

66.  **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

67.  **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No

☐ Yes

68.  **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69.  **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

BCBG Max Azria Global Holdings, LLC                              Case Number:   17-10466 (SCC)

## Schedule A/B: Assets — Real and Personal Property

**Part 11:**    **All other assets**

70.  **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
     Description (include name of obligor)

     71.1 _____          _____

72.  **Tax refunds and unused net operating losses (NOLs)**
     Description (for example, federal, state, local)

     72.1 _____          _____

73.  **Interests in insurance policies or annuities**

     73.1 _____          _____

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

     74.1 _____          _____

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

     75.1 _____          _____

76.  **Trusts, equitable or future interests in property**

     76.1 _____          _____

77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
     Examples: Season tickets, country club membership

     77.1 _____          _____

**BCBG Max Azria Global Holdings, LLC**                              **Case Number:   17-10466 (SCC)**

## Schedule A/B: Assets — Real and Personal Property

**Part 11:**        **All other assets**

78.  **Total of Part 11**
     Add lines 71 through 77. Copy the total to line
     90.

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

     ☐ No

     ☐ Yes

BCBG Max Azria Global Holdings, LLC                                    Case Number:   17-10466 (SCC)

# Schedule A/B: Assets — Real and Personal Property

**Part 12:**     **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80.  Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0 | | |
| 81.  Deposits and prepayments. Copy line 9, Part 2. | $0 | | |
| 82.  Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83.  Investments. Copy line 17, Part 4. | Undetermined | | |
| 84.  Inventory. Copy line 23, Part 5. | $0 | | |
| 85.  Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86.  Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87.  Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88.  Real property. Copy line 56, Part 9. | | $0 | |
| 89.  Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90.  All other assets. Copy line 78, Part 11. | $0 | | |
| 91.  Total. Add lines 80 through 90 for each column. | a.  Undetermined | b.  $0 | |

92.  **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                       Undetermined

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and secured loans, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Holly Felder Etlin, Chief Restructuring Officer of BCBG Max Azria Global Holdings, LLC, (I) In Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* [Docket No. 3].

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:  **17-10466 (SCC)**

## Schedule D: Creditors Who Have Claims Secured by Property

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---------|----------------------------------------|

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | |
| **2.1** BANK OF AMERICA, N.A., AS ADMINSTRATIVE AGENT<br>ATTN: DAVID VEGA<br>RETAIL FINANCE GROUP - MA5-100-09-09<br>100 FEDERAL STREET<br>BOSTON, MA 02110 | ☐ | ☐ | ☑ | DATE: 2/5/2015<br><br>PROPERTY DESCRIPTION: ABL REVOLVER CREDIT FACILITY - U.S. (INTEREST) | ☑ ☑ ☐ | $504,128 | Undetermined |
| **2.2** BANK OF AMERICA, N.A., AS ADMINSTRATIVE AGENT<br>ATTN: DAVID VEGA<br>RETAIL FINANCE GROUP - MA5-100-09-09<br>100 FEDERAL STREET<br>BOSTON, MA 02110 | ☐ | ☐ | ☑ | DATE: 2/5/2015<br><br>PROPERTY DESCRIPTION: ABL REVOLVER CREDIT FACILITY - U.S. (PRINCIPAL) | ☑ ☑ ☐ | $61,004,411 | Undetermined |

BCBG Max Azria Global Holdings, LLC                                                        Case Number:  17-10466 (SCC)

## Schedule D: Creditors Who Have Claims Secured by Property

| | Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|

### Secured Debt

| | Creditor | Co-Interest | Insider | Co-Debtor | Date / Property Description | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|
| 2.3 | BANK OF AMERICA, N.A., AS ADMINSTRATIVE AGENT ATTN: SYLWIA DURKIEWICZ 181 FRONT STREET 4TH FLOOR TORONTO, ONTARIO M5J 2V8 CANADA | ☐ | ☐ | ☑ | DATE: 2/5/2015 PROPERTY DESCRIPTION: ABL REVOLVER CREDIT FACILITY - CANADIAN (INTEREST) | ☑ ☑ ☐ | $75,957 | Undetermined |
| 2.4 | BANK OF AMERICA, N.A., AS ADMINSTRATIVE AGENT ATTN: SYLWIA DURKIEWICZ 181 FRONT STREET 4TH FLOOR TORONTO, ONTARIO M5J 2V8 CANADA | ☐ | ☐ | ☑ | DATE: 2/5/2015 PROPERTY DESCRIPTION: ABL REVOLVER CREDIT FACILITY - CANADIAN (PRINCIPAL) | ☑ ☑ ☐ | $10,569,531 | Undetermined |
| 2.5 | GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT ATTN:  WILLIAM HAGNER 330 MADISON AVENUE NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016 PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE B (INTEREST) | ☑ ☑ ☐ | $41,569 | Undetermined |

**BCBG Max Azria Global Holdings, LLC**    **Case Number:   17-10466 (SCC)**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | |
| **2.6**  GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A (PRINCIPAL) | ☑ | ☑ | ☐ | $35,000,000 | Undetermined |
| **2.7**  GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-3  (INTEREST) | ☑ | ☑ | ☐ | $0 | Undetermined |
| **2.8**  GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-2  (INTEREST) | ☑ | ☑ | ☐ | $666,104 | Undetermined |
| **2.9**  GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-1  (INTEREST) | ☑ | ☑ | ☐ | $57,444 | Undetermined |

**BCBG Max Azria Global Holdings, LLC**                                                                     Case Number:  17-10466 (SCC)

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | |
| **2.10** GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A (INTEREST) | ☑ | ☑ | ☐ | $9,722 | Undetermined |
| **2.11** GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE B (PRINCIPAL) | ☑ | ☑ | ☐ | $289,408,193 | Undetermined |
| **2.12** GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-3  (PRINCIPAL) | ☑ | ☑ | ☐ | $0 | Undetermined |
| **2.13** GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-2  (PRINCIPAL) | ☑ | ☑ | ☐ | $48,443,938 | Undetermined |

**BCBG Max Azria Global Holdings, LLC**                                       Case Number:  17-10466 (SCC)

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|

### Secured Debt

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2.14 GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT<br>ATTN:  WILLIAM HAGNER<br>330 MADISON AVENUE<br>NEW YORK, NY 10017 | ☐ | ☐ | ☑ | DATE: 8/12/2016<br><br>PROPERTY DESCRIPTION: TERM LOAN CREDIT FACILITY - TRANCHE A-1  (PRINCIPAL) | ☑ | ☑ | ☐ | $4,177,767 | Undetermined |

**Secured Debt Total:**    $449,958,764

**BCBG Max Azria Global Holdings, LLC**                                    **Case Number:  17-10466 (SCC)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          **$449,958,764**

**BCBG Max Azria Global Holdings, LLC**                                        Case Number:   17-10466 (SCC)

## Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|---|---|---|
| NONE | | |

**Specific Notes Regarding Schedule E/F**

1.      **Creditors Holding Priority Unsecured Claims**.  The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

All claims listed on the Debtors' Schedule E/F are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of on-going audits or other outstanding issues.

As noted in the Global Notes, the Bankruptcy Court entered the *Final Order (I) Authorizing, but Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 241], granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order"). Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to the Employee Wage Order or other order that may be entered by the Bankruptcy Court. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Employee Wage Order or other order that may be entered by the Bankruptcy Court.

2.      **Creditors Holding Nonpriority Unsecured Claims**.  The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtors were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

3.    **Schedule – Intercompany**.  The Debtors maintain business relationships among each other and with their foreign subsidiaries  based in Canada, Europe, South America, and Asia (collectively, the "Foreign Subsidiaries") resulting in intercompany receivables and payables in the ordinary course of business.   Such Intercompany Claims arise (a) among the Debtors and (b) between BCBG and the Foreign Subsidiaries pursuant to prepetition shared services and intercompany trade arrangements, and other intercompany arrangements.   The respective intercompany accounts payable and accounts receivable are listed at the net amount due to/due from the Debtor as of January 28, 2017 on Schedule E/F for each Debtor.

4.    **Schedule - Trade Payables**.  Trade Payables listed on Schedule E/F contain the pre-petition liability information available to the Debtors as of the date of filing and do not include invoices that were paid subsequent to the Petition Date related to prepetition obligations per the *Final Order (I) Authorizing, but Not Directing, the Debtors to Pay Prepetition Claims of Lien Claimants, Import and Export Claimants, and 503(B)(9) Claimants and (II) Granting Related Relief* [Docket No. 234].

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:  **17-10466 (SCC)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **2.**   NONE | | ☐ | ☐ | ☐ | ☐ | | |
| | | | | Total: | | UNDETERMINED | UNDETERMINED |

**BCBG Max Azria Global Holdings, LLC**                                      Case Number:   17-10466 (SCC)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

Total: All Creditors with PRIORITY Unsecured Claims                    UNDETERMINED | UNDETERMINED

BCBG Max Azria Global Holdings, LLC                                    Case Number:    17-10466 (SCC)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **3.**    NONE | | ☐ | ☐ | ☐ | | ☐ | |
| | | | | | | Total: | **UNDETERMINED** |

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:  17-10466 (SCC)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

**Total: All Creditors with NONPRIORITY Unsecured Claims**                **UNDETERMINED**

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:   17-10466 (SCC)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
| --- | --- |

4.   List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed
     are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |

**4.1**   NONE

**BCBG Max Azria Global Holdings, LLC**                                    Case Number:   17-10466 (SCC)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**     Total Amounts of the Priority and Nonpriority Unsecured Claims

5.      **Add the amounts of priority and nonpriority unsecured claims.**

|   |   |   | Total of claim amounts |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $0 |
| 5b. | **Total claims from Part 2** | 5b.  **+** | $0 |
| 5c. | **Total of Parts 1 and 2** | 5c. | $0 |
|   | Lines 5a + 5b = 5c. |   |   |

**Specific Notes Regarding Schedule G**

1.      **Executory Contracts**.  While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G.  This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G.  To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements.  Such documents also are not set forth in Schedule G.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the

characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, are not listed individually on Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid. The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors. Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers. In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

The Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases. These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

**BCBG Max Azria Global Holdings, LLC**                                                    Case Number:  17-10466 (SCC)

## Schedule G: Executory Contracts and Unexpired Leases

1.  **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Debt Agreements** | | | | | |
| 2. 1  SECOND AMENDED AND RESTATED LOAN AGREEMENT, DATED FEBRUARY 5, 2015, AS AMENDED | | | ☑ | BANK OF AMERICA, N.A. | RETAIL FINANCE GROUP MA5-100-09-09 BOSTON, MA 02110 |
| 2. 2  CONTRIBUTION AGREEMENT DATED JANUARY 26, 2015 | | TBD13 | ☑ | FASHION FUNDING, LLC, THE GPIM LENDERS, THE STOCKHOLDERS, AND GLAC HOLDINGS, LLC | C/O GUGGENHEIM CAPITAL, LLC 227 WEST MONROE STREET, SUITE 4900 CHICAGO, IL 60606 |
| 2. 3  CONTRIBUTION AGREEMENT DATED JANUARY 26, 2015 | | TBD13 | ☑ | FASHION FUNDING, LLC, THE GPIM LENDERS, THE STOCKHOLDERS, AND GLAC HOLDINGS, LLC | DAVIS POLK & WARDWELL LLP 450 LEXINGTON AVENUE NEW YORK, NY 10017 |
| 2. 4  CONTRIBUTION AGREEMENT DATED JANUARY 26, 2015 | | TBD13 | ☑ | FASHION FUNDING, LLC, THE GPIM LENDERS, THE STOCKHOLDERS, AND GLAC HOLDINGS, LLC | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP 300 SOUND GRAND AVENUE, SUITE 3400 LOS ANGELES, CA 90071 |
| 2. 5  FIFTH AMENDED AND RESTATED CREDIT AND GUARANTEE AGREEMENT, DATED AS OF AUGUST 12, 2016, AS AMENDED | | TBD16 | ☑ | GUGGENHEIM CORPORATE FUNDING, LLC, AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT | ATTN:  WILLIAM HAGNER 330 MADISON AVENUE NEW YORK, NY 10017 |

**BCBG Max Azria Global Holdings, LLC**                                               Case Number:   17-10466 (SCC)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

**<u>Other</u>**

| | | | | | |
|---|---|---|---|---|---|
| 2. 6   MANAGEMENT LIABILITY POLICY, DATED MARCH 9, 2015 | | 796 | ☐ | IRONSHORE SPECIALTY INSURANCE COMPANY | 75 FEDERAL STREET 5TH FLOOR BOSTON, MA 02110 |
| 2. 7   CORNERSTONE A-SIDE MANAGEMENT LIABILITY POLICY | | TBD3 | ☐ | XL SPECIALTY INSURANCE COMPANY | 70 SEAVIEW AVENUE STAMFORD, CT 06902-6040 |

**BCBG Max Azria Global Holdings, LLC**                                           Case Number:  **17-10466 (SCC)**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  7**

**Specific Notes Regarding Schedule H**

1.    **Co-Debtors**.  In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

BCBG Max Azria Global Holdings, LLC, et al.
EXHIBIT H - Codebtor Matrix

| LID | Legal Entity Name | Nature of Business | ABL Revolver Facility - US [1] | ABL Revolver Facility - Canadian [1][2] | Term Loan Tranche A [3] | Term Loan Tranche A-1 [3] | Term Loan Tranche A-2 [3] | Term Loan Tranche A-3 [3] | Term Loan Tranche B [3] |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BCBG Max Azria Global Holdings, LLC | Holding Company | X | X | | | | | |
| 2 | BCBG Max Azria Group, LLC | Operating Subsidiary | X | X | X | X | X | X | X |
| 3 | BCBG Max Azria Intermediate Holdings, LLC | Holding Company | X | X | X | X | X | X | X |
| 4 | MLA Multibrand Holdings, LLC | IP Holding Company | X | X | X | X | X | X | X |
| 5 | Max Rave, LLC | Non-operating Subsidiary | X | X | X | X | X | X | X |

Notes:

(1) A revolving credit facility (the "ABL Revolver Facility") that is governed by that certain Second Amended and Restated Loan Agreement, dated as of February 5, 2015 (as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time prior to the Petition Date) with Bank of America, N.A. as administrative agent (the "ABL Revolver Agent" and, through it Canada branch, the "Canadian Agent), Bank of America, N.A. and Wells Fargo Bank, N.A., each as a Co-Collateral Agent, and the lenders party thereto.  Each non-borrower Debtor has guaranteed all obligations under the ABL Revolver Facility, including the Canadian sub-facility.

(2) BCBG Max Azria Canada Inc., the "Canadian Borrower", commenced formal proceedings contemporaneously with these chapter 11 cases. In connection with the Canadian Case, the Debtors and the Canadian Debtor have entered into that certain Canadian Forbearance Agreement (the "Canadian Forbearance Agreement") providing, among other things, for the Prepetition Revolver Agent and Prepetition Revolver Lenders to forbear from the exercise of remedies against the Canadian borrower notwithstanding the existence and continuation of defaults under the ABL Revolver Facility.

(3) A term loan credit facility ("the "Term Loan Facility") that is governed by that certain Fifth Amended and Restated Credit and Guarantee Agreement, dated as of August 12, 2016, (as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time prior to the Petition Date), with Guggenheim Corporate Funding, LLC, as administrative agent and collateral agent and the lenders party thereto.  The aggregate obligations under the Term Loan Facility consist of the Tranche A loans, the New Tranche A loans (including the Tranche A-1, Tranche A-2, and Tranche A-3 loans), and Tranche B loans.  Each non-borrower Debtor has guaranteed all obligations under the Term Loan Facility.

**Fill in this information to identify the case:**

Debtor Name: BCBG Max Azria Global Holdings, LLC

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case Number (if known): 17-10466 (SCC)

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

12/15

### Part 1:    Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

    Copy line 88 from Schedule A/B ....................................................................... | $0

    1b. **Total personal property:**

    Copy line 91A from Schedule A/B ....................................................................... | Undetermined

    **+**

    1c. **Total of all property:**

    Copy line 92 from Schedule A/B ....................................................................... | Undetermined

### Part 2:    Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ............................. | $449,958,764

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

    Copy the total claims from Part 1 from line 6a of Schedule E/F ................................................. | $0

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

    Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F ...................................... | $0

    **+**

4. **Total liabilities**

    Lines 2 + 3a + 3b ....................................................................... | $449,958,764

Fill in this information to identify the case and this filing:

Debtor Name: __BCBG Max Azria Global Holdings, LLC__

United States Bankruptcy Court for the: __SOUTHERN DISTRICT OF NEW YORK__

Case Number (if known): __17-10466 (SCC)__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

- [X] Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

- [X] Schedule H: Codebtors (Official Form (206H)

- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

- [ ] Amended Schedule _____

- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** _____April 13, 2017_____    **Signature:** __/s/ Deborah Rieger-Paganis__

Deborah Rieger-Paganis, Interim Chief Financial Officer
**Name and Title**