Presentment Date and Time: **September 9, 2017 at 12:00 p.m. (ET)**
Objection Deadline: **September 9, 2017 at 11:00 a.m. (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, et al.,**[1] | : | Case No. 17-10466 (SCC) |
| | : | Jointly Administered |
| Debtors. | : | |

**NOTICE OF PRESENTMENT OF PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER (I) FURTHER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") of David MacGreevey, in his capacity as plan administrator (the "Plan Administrator"), dated August 25, 2017, the Plan Administrator will present the *Order (I) Further Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* (the "Motion"), substantially in the form attached to the Motion as **Exhibit 1** (the "Proposed Order"), for signature to the Honorable Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 623, One Bowling Green, New York, New York 10004-1408 on **September 9, 2017 at 12:00 p.m. (prevailing Eastern Time)**.

---

[1] A list of the Post-Effective Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include:  BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854).

DOCS_NY:36643.4

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no later than **September 9, 2017 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order).

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Court may enter the Proposed Order with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Donlin Recano & Company, Inc. at http://www.donlinrecano.com/bcbg.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   August 25, 2017

         PACHULSKI STANG ZIEHL & JONES LLP

         */s/ Robert J. Feinstein*
         Robert J. Feinstein, Esq.
         Bradford J. Sandler, Esq.
         780 Third Avenue, 34th Floor
         New York, NY 10017
         Telephone:  (212) 561-7700
         Facsimile:  (212) 561-7777

         *Counsel to the Plan Administrator*

**Presentment Date and Time: September 9, 2017 at 12:00 p.m. (ET)**
**Objection Deadline: September 9, 2017 at 11:00 a.m. (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| **BCBG MAX AZRIA GLOBAL HOLDINGS, LLC, et al.,**[1] | : | Case No. 17-10466 (SCC) |
| | : | Jointly Administered |
| Debtors. | : | |

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF
AN ORDER (I) FURTHER EXTENDING THE TIME TO FILE NOTICES OF
REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF**

David MacGreevey, as plan administrator (the "Plan Administrator") appointed pursuant to the terms of the chapter 11 plan confirmed in the above-captioned cases, on behalf of BCBG Max Azria Global Holdings, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this motion (the "Motion") for entry of an order, pursuant to 28 U.S.C. § 1452 and Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), further extending the period within which the Plan Administrator may file or direct the filing of notices of removal of Civil Actions (as defined below), and thereby further extending the time to remove to the appropriate bankruptcy court or

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax  identification number include:  BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854).

DOCS_NY:36643.4

district court civil actions and proceedings to which the Post-Effective Date Debtors are a party (collectively, the "Civil Actions"). In further support of the Motion, the Plan Administrator respectfully represents:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Plan Administrator confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory predicates for the relief requested herein are 28 U.S.C. § 1452, section 105(a) of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Bankruptcy Rules 9006 and 9027.

## BACKGROUND

4.     On July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] (the "Confirmation Order"), confirming the chapter 11 plan, as amended (the "Plan").

5.     On July 31, 2017, the Effective Date (as such term is defined in the Plan) occurred [Docket No. 601].  Pursuant to the Plan, the Plan Administrator was appointed on the

Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E.

## RELIEF REQUESTED

6.      The Debtors are involved in approximately 64 Civil Actions pending in various venues. Pursuant to Bankruptcy Rule 9027 and the *Order (I) Extending the Time to File Notices of Removal of Civil Actions and (II) Granting Related Relief* [Docket No. 397], the deadline to file notices of removal of the Civil Actions was extended to August 28, 2017. By this Motion, the Plan Administrator respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit 1** (the "Order"), pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, further extending the time within which the Plan Administrator, on behalf of Post-Effective Date Debtors, is permitted to file notices of removal of the Civil Actions through and including October 31, 2017.[2]

## BASIS FOR RELIEF

7.      Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending actions related to bankruptcy cases. *See, e.g., In re Danbury Square Assocs. Ltd. P'ship*, 153 B.R. 657, 659 n. 1 (Bankr. S.D.N.Y. 1993) ("A petition for removal of a case pursuant to 28 U.S.C. § 1452 from a state court to a federal court is properly filed with the clerk of the bankruptcy court for the district and division within which is located the state court where the civil action is pending.")

8.      Specifically, 28 U.S.C. §1452 provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

---

[2] Pursuant to Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, the deadline is automatically extended by the filing of this Motion until the Court resolves the Motion.

>court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

9. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action and provides, with respect to prepetition actions:

>If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

10. With respect to postpetition actions, Bankruptcy Rule 9027 provides:

>If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

11. Bankruptcy Rule 9006 permits a court to extend the period to remove actions provided by Bankruptcy Rule 9027 for cause shown, and specifically states:

>[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).

12. It is well-established, in this circuit and others, that Bankruptcy Rule 9006 authorizes bankruptcy courts to specifically extend the removal period provided for under 28 U.S.C. § 1452 and Bankruptcy Rule 9027 "for cause." *See, e.g. In re Jandous Elec. Constr.*

*Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed"); *Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n. 17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear.").

13.    The Plan Administrator respectfully submits that cause exists to further extend the Bankruptcy Rule 9027(a)(2)(A) deadline to October 31, 2017. In the relatively short period since the Effective Date, the Plan Administrator has assumed all responsibilities for the administration of the Post-Effective Date Debtors' affairs that were previously undertaken by the debtors in possession prior to the Effective Date, and has dedicated considerable time and effort to a multitude of tasks, including, without limitation, (i) familiarizing himself with the assets, liabilities and unfinished business of the estates, (ii) overseeing remaining store closing sales, (iii) analyzing remaining unexpired leases and executory contracts, (iv) analyzing claims, avoidance actions and other litigation, (v) monitoring operations in Europe, Japan and Canada, and (vi) engaging in related transition, plan implementation, and wind down activities. Due to the urgent need to focus on these transition tasks, the Plan Administrator and his professionals have not had a sufficient opportunity to analyze the merits of the Civil Actions and the desirability of removing them to the appropriate bankruptcy court or district court. Thus, the Plan Administrator is continuing to review the Post-Effective Date Debtors' files and records and undertaking an analysis of the relevant court documents to determine whether removal would be beneficial. Further extending the deadline will provide the Plan Administrator adequate time to conduct this review.

14. Further, the rights of any party to the Civil Actions will not be unduly prejudiced by the requested extension. If the Plan Administrator ultimately seeks to remove any action pursuant to Bankruptcy Rule 9027, any party to such action may seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). At the same time, the relief requested herein does not alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand.

## NOTICE

15. The Plan Administrator has provided notice of this Motion to: (a) the Master Service List; (b) the 2002 List; and (c) any Affected Entity (as each is defined in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90]). The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Plan Administrator respectfully requests the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006 and 9027, further extending the time within which the Plan Administrator is permitted to file notices of removal of Civil Actions, thereby extending the time to remove such Civil Actions to the appropriate district court or bankruptcy court, through and including October 31, 2017, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: August 25, 2017

          PACHULSKI STANG ZIEHL & JONES LLP

          */s/ Robert J. Feinstein*
          Robert J. Feinstein, Esq.
          Bradford J. Sandler, Esq.
          780 Third Avenue, 34th Floor
          New York, NY 10017
          Telephone: (212) 561-7700
          Facsimile: (212) 561-7777

          *Counsel to the Plan Administrator*

# **Exhibit 1**
(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11
                                                           :
BCBG MAX AZRIA GLOBAL                                      :    Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,[1]                                  :
                                                           :    Jointly Administered
                                                           :
         Debtors.                                          :
-----------------------------------------------------------x
```

### ORDER (I) FURTHER EXTENDING THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Plan Administrator, on behalf of the Post-Effective Date Debtors, for entry of an order (this "Order"), (a) granting the Plan Administrator an extension to file notices of removal of Civil Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rules 9006(b) and 9027, and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  BCBG Max Azria Global Holdings, LLC (6857); BCBG Max Azria Group, LLC (5942); BCBG Max Azria Intermediate Holdings, LLC (3673); Max Rave, LLC (9200); and MLA Multibrand Holdings, LLC (3854).  The location of the Debtors' service address is: 2761 Fruitland Avenue, Vernon, California 90058.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The time period by which the Plan Administrator, on behalf of the Post-Effective Date Debtors, may file notices of removal in this Court with respect to the Civil Actions pursuant to Bankruptcy Rule 9027 is extended through and including October 31, 2017.

3. This Order is without prejudice to the Plan Administrator's rights to request a further extension of time to file notices of removal of any or all of the Civil Actions.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2017

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE