**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br>Case No: 17-10466 (SCC)<br><br>Jointly Administered |

## STIPULATION REGARDING SATISFACTION OF CLAIMS

David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors") and Bank of America, N.A., in its capacity as the ABL Agent[2] and the DIP ABL Agent ("Bank of America" and together with Debtors, the "Parties"), by and through their respective counsel, hereby enter into this stipulation (the "Stipulation") and stipulate and agree as follows:

## RECITALS

**WHEREAS**, on February 28, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on March 3, 2017, this Court entered the *Order Pursuant to 28 U.S.C. § 156(c) Approving the Appointment and Retention of Donlin, Recano & Company, Inc. as the Claims and Noticing Agent to the Debtors, Effective Nunc Pro Tunc to the Petition Date* [Dkt.

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, follows: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* ("Amended Joint Plan") [Dkt. No. 587].

No. 77] approving the appointment of Donlin, Recano & Company as the "Claims and Noticing

Agent" to, among other things, maintain official claims registers (the "Claims Register") for each

of the Debtors;

WHEREAS, on March 28, 2017, this Court entered the *Final Order (I) Authorizing*

*Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and*

*Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V)*

*Modifying Automatic Stay, and (VI) Granting Related Relief* (the "Final DIP Order") [Dkt. No.

228] authorizing, among other things, the conversion of the Prepetition Revolver Obligations (as

defined in the Final DIP Order) into DIP ABL Obligations;

WHEREAS, on April 13, 2017, the Debtors filed its schedules which included certain of

the Prepetition Revolver Obligations (the "Scheduled Revolver Claims") [Dkt. No. 305];

WHEREAS, on July 25, 2017, the Debtors filed the Amended Joint Plan wherein the

DIP ABL Claims were deemed Allowed Claims in the full amount of the DIP ABL Obligations

outstanding under the DIP ABL Credit Agreement, including principal, interest, fees and

expenses;

WHEREAS, on July 26, 2017, this Court entered its *Findings of Fact, Conclusions of*

*Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria*

*Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

[Dkt. No. 591];

WHEREAS, on July 31, 2017, the Effective Date of the Amended Join Plan occurred,

*see Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG*

*Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the*

*Bankruptcy Code and (II) Occurrence of Effective Date* [Dkt. No. 601];

2

**WHEREAS**, the Scheduled Revolver Claims were satisfied on or prior to the Effective Date in accordance with the Final DIP Order and the Amended Joint Plan; and

**WHEREAS**, the Plan Administrator filed the *Plan Administrator's Seventeenth Omnibus (Non-Substantive) Objection to Certain Claims Satisfied Pursuant to the Amended Joint Plan* (the "Objection") [Dkt. No. 932]; and

**WHEREAS**, the Parties have agreed to resolve the Objection and otherwise resolve all disputes regarding the Scheduled Revolver Claims on the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED THAT:**

1.      Claims.  The Scheduled Revolver Claims have been satisfied in full as provided in the Final DIP Order and the Amended Joint Plan.  Accordingly, the Plan Administrator shall have the Claims and Noticing Agent designate on the Claims Register that the Scheduled Revolver Claims have been previously satisfied and that no further distributions are required on account of the Scheduled Revolver Claims.

2.      Good Faith.  The Parties each have acted in good faith in connection with this Stipulation and their reliance on this Stipulation is in good faith.

3.      Retention of Jurisdiction.  The Court has and will retain jurisdiction to enforce this Stipulation according to its terms.

4.      Counterparts.  This Stipulation may be signed in counterparts and a facsimile or electronic signature is deemed an original for all purposes.

*[signature pages follow]*

3

Dated September 6, 2018

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Julia Frost-Davies*
Julia Frost-Davies, Esq.
One Federal Street
Boston, MA 02110-1726
Telephone: (617) 951-8000
Facsimile: (617) 341-8736
julia.frost-davies@morganlewis.com

*Counsel for Bank of America, N.A.*
**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**SO ORDERED:**
_____, 2018


_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE