UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                       :      Chapter 11
:
RUNWAY LIQUIDATION                                          :      Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,[1]                                   :
:      Jointly Administered
**Debtors.**                                                :
---------------------------------------------------------------x

**SECOND SUPPLEMENTAL ORDER GRANTING PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (DUPLICATE, LATE FILED, NO LIABILITY AND RECLASSIFIED)**

Upon the objection (the "Objection")[2] of the Plan Administrator for entry of an order (this "Order") disallowing and expunging or modifying the claims identified on **Schedule 1**, (collectively, the "Disputed Claims") in each case pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures, all as more fully set forth in the Objection; and upon the Boken Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012, and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Post-Effective Date Debtors, creditors, and other parties in interest; and the Court having found that the Plan Administrator

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

provided appropriate notice of the Objection and the opportunity for a hearing on the Objection under the circumstances; and the Court having reviewed the Objection; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained to the extent set forth herein.

2. Each Late Filed Claim identified on **Schedule 1** attached hereto is hereby disallowed and expunged in its entirety.

3. Donlin Recano, the Debtors' noticing and claims agent, is authorized to update the Claims Register to reflect the relief granted in this Order.

4. Entry of this Order is without prejudice to the Plan Administrator's right to object to any other Claims in these chapter 11 cases or to further object to the Disputed Claims (to the extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever, at a later date.

5. Each Disputed Claim and the Objection by the Plan Administrator to each Disputed Claim as addressed in the Objection and as identified in **Schedule 1**, attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Disputed Claim. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 26, 2018
New York, New York

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

*ORDER GRANTING FOURTEENTH OMNIBUS OBJECTION - LATE FILED CLAIMS*

| Name of Claimant | Debtor Name | Date Claim Filed | Claim Number | Asserted Claim Amount ||||  Total | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Admin | Priority | Unsecured | | |
| NY- DEPT OF TAXATION AND FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY NY 12205-0300 | BCBG MAX AZRIA GROUP, LLC | 8/31/2017 | 1114 | $ - | $ - | $ 572,262.05 | $ - | $ 572,262.05 | Claim Filed After the Bar Date. Disallow per Article VII.(F) and (G) of the Plan. |