**Presentment Date: October 16, 2018 at 12:00 pm (ET)**
**Objection Deadline: October 15, 2018 at 4:00 pm (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | Case No. 17-10466 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER RESOLVING (I) MOTION OF ACADIA REALTY TRUST, FEDERAL INVESTMENT TRUST, PGIM REAL ESTATE, STARWOOD RETAIL PARTNERS LLC, THE FORBES COMPANY, THE MACERICH COMPANY, AND THE RELATED COMPANIES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS (II) PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, REDUCED, AND RECLASSIFY/REDUCE) AND (III) RELATED CLAIMS**

**PLEASE TAKE NOTICE** that on October 8, 2018, David MacGreevey, in his capacity as plan administrator (the "Plan Administrator"), filed the annexed *Stipulation and Agreed Order Resolving (I) Motion of Acadia Realty Trust, Federal Investment Trust, PGIM Real Estate, Starwood Retail Partners LLC, The Forbes Company, The Macerich Company, and the Related Companies for Allowance and Payment of Administrative Expense Claims, (II) Plan*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

*Administrator's Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims* (*Amended, Reduce and Reclassify/Reduce*) *and (III) Related Claims* [Docket No. 1015] (the "Stipulated Order").

**PLEASE TAKE FURTHER NOTICE** that the parties to the Stipulated Order hereby provide notice of presentment of the Stipulated Order, which is annexed hereto, as set forth below.

**PLEASE TAKE FURTHER NOTICE** that the Plan Administrator, by and through undersigned counsel, will present the annexed Stipulated Order, agreed to between the Plan Administrator and the City of New York, Department of Finance, to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on October 16, 2018 at 12:00 pm (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Stipulated Order shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and *the Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no later than October 15, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if an Objection is not filed and served by the Objection Deadline in accordance with the preceding paragraph, there will not be a hearing and the Stipulated Order may be signed.

PLEASE TAKE FURTHER NOTICE that if an Objection is timely filed and served, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: October 8, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**Presentment Date: October 16, 2018 at 12:00 pm (ET)**
**Objection Deadline: October 15, 2018 at 4:00 pm (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | ) ) ) ) | Case No. 17-10466 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER RESOLVING (I) MOTION OF ACADIA REALTY TRUST, FEDERAL INVESTMENT TRUST, PGIM REAL ESTATE, STARWOOD RETAIL PARTNERS LLC, THE FORBES COMPANY, THE MACERICH COMPANY, AND THE RELATED COMPANIES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS (II) PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, REDUCED, AND RECLASSIFY/REDUCE) AND (III) RELATED CLAIMS**

**PLEASE TAKE NOTICE** that on October 8, 2018, David MacGreevey, in his capacity as plan administrator (the "Plan Administrator"), filed the annexed *Stipulation and Agreed Order Resolving (I) Motion of Acadia Realty Trust, Federal Investment Trust, PGIM Real Estate, Starwood Retail Partners LLC, The Forbes Company, The Macerich Company, and the Related Companies for Allowance and Payment of Administrative Expense Claims, (II) Plan*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

*Administrator's Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims* (*Amended, Reduce and Reclassify/Reduce*) *and (III) Related Claims* [Docket No. ___] (the "Stipulated Order").

**PLEASE TAKE FURTHER NOTICE** that the parties to the Stipulated Order hereby provide notice of presentment of the Stipulated Order, which is annexed hereto, as set forth below.

**PLEASE TAKE FURTHER NOTICE** that the Plan Administrator, by and through undersigned counsel, will present the annexed Stipulated Order, agreed to between the Plan Administrator and the City of New York, Department of Finance, to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on September __, 2018 at 12:00 pm (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Stipulated Order shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and *the Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no later than September __, 2018 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if an Objection is not filed and served by the Objection Deadline in accordance with the preceding paragraph, there will not be a hearing and the Stipulated Order may be signed.

PLEASE TAKE FURTHER NOTICE that if an Objection is timely filed and served, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

| | |
|---|---|
| Dated:  October 8, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, | ) | Case No. 17-10466 (SCC) |
| *et al.*,[2] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER RESOLVING (I) MOTION OF ACADIA REALTY TRUST, FEDERAL INVESTMENT TRUST, PGIM REAL ESTATE, STARWOOD RETAIL PARTNERS LLC, THE FORBES COMPANY, THE MACERICH COMPANY, AND THE RELATED COMPANIES FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS (II) PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, REDUCED, AND RECLASSIFY/REDUCE) AND (III) RELATED CLAIMS**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, before the Effective Date of the Plan, the "Debtors"), on the one hand, and Acadia Realty Trust, Federal Realty Investment Trust, PGIM Real Estate, Starwood Retail Partners LLC, The Forbes Company, The Macerich Company, and The Related Companies (collectively, the "Landlords" and, together with the Plan Administrator, the "Parties").

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[2] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

DOCS_SF:97680.3 08467/001

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on June 9, 2107, Macerich La Cumbre LLC filed a proof of claim, identified as claim number 924 on the Claims Register ("Claim No. 924"), asserting on account of Store No. 736 (La Cumbre Plaza) a general unsecured claim in the amount of $403,823.02 and an administrative expense claim in the amount of $10,086.46. The Motion seeks the allowance and payment of $19,511.54 as an administrative expense claim on account of Store No. 736 (La Cumbre Plaza).

**WHEREAS**, on June 9, 2107, TM Stony Point Park, L.P. filed a proof of claim, identified as claim number 931 on the Claims Register ("Claim No. 931"), asserting on account of Store No. 758 (Stony Point) a general unsecured claim in the amount of $126,445.13 and an administrative expense claim in the amount of $9,127.09. The Motion seeks the allowance and payment of $6,342.07 as an administrative expense claim on account of Store No. 758 (Stony Point).

2

**WHEREAS**, on June 9, 2107, TM Wellington Green Mall, L.P. filed a proof of claim, identified as claim number 932 on the Claims Register ("Claim No. 932"), asserting on account of Store No. 88 (The Mall at Wellington Green) a general unsecured claim in the amount of $155,431.01 and an administrative expense claim in the amount of $11,750.81. The Motion seeks the allowance and payment of $12,073.81 as an administrative expense claim on account of Store No. 88 (The Mall at Wellington Green).

**WHEREAS**, on June 9, 2107, Somerset Collection Limited Partnership filed a proof of claim, identified as claim number 934 on the Claims Register ("Claim No. 934"), asserting on account of Store No. 383 (Somerset Collection Herve Leger) a general unsecured claim in the amount of $233,216.06 and an administrative expense claim in the amount of $538.88. The Motion seeks the allowance and payment of $583.88 as an administrative expense claim on account of Store No. 383 (Somerset Collection Herve Leger).

**WHEREAS**, on June 9, 2107, FRIT San Jose Town & Country Village, LLC (Federal Realty Investment Trust) filed a proof of claim, identified as claim number 960 on the Claims Register ("Claim No. 960" and, together with Claim No. 924, Claim No. 931, Claim No. 932, and Claim No. 934 the "Landlord Claims"), asserting on account of Store No. 668 (Santana Row) an administrative expense claim in the amount of $3,050.28. The Motion seeks the allowance and payment of $3,050.28 as an administrative expense claim on account of Store No. 668 (Santana Row).

**WHEREAS**, on August 30, 2017, the Landlords filed the *Motion of Acadia Realty Trust, Federal Realty Investment Trust, PGIM Real Estate, Starwood Retail Partners LLC, The Forbes Company, The Macerich Company, and The Related Companies for Allowance and Payment of*

3

*Administrative Expense Claims* [Docket No. 657] (the "Motion") asserting administrative expense claims as set forth on Exhibit A to the Motion.

**WHEREAS**, on June 9, 2017, Macerich La Cumbre LLC filed a proof of claim, identified as claim number 924 on the Claims Register ("Claim No. 924") asserting on account of Store No. 736 (La Cumbre Plaza) an administrative claim in the amount of $10,086.46 and a general unsecured claim in the amount $403,823.02.

**WHEREAS**, on June 9, 2017, TWC Tucson LLC (La Encantada) filed a proof of claim, identified as claim number 925 on the Claims Register ("Claim No. 925") asserting on account of Store No. 262 (La Encantada) a general unsecured claim in the amount of $26,771.92.

**WHEREAS**, on June 9, 2017, Macerich Niagra LLC filed a proof of claim, identified as claim number 926 on the Claims Register ("Claim No. 926") asserting on account of Store No. 262 (Fashion Outlets of Niagra Falls) an administrative claim in the amount of $25,229.88 and a general unsecured claim in the amount of $438,823.78.

**WHEREAS**, on June 9, 2017, Macerich Westside Pavilion filed a proof of claim, identified as claim number 929 on the Claims Register ("Claim No. 929") asserting on account of Store No. 601 (Westside Pavilion #186) an administrative claim in the amount of $4,849.33 and a general unsecured claim in the amount of $345,655.75.

**WHEREAS**, on June 9, 2017, Macerich Westside Pavilion filed a proof of claim, identified as claim number 930 on the Claims Register ("Claim No. 930") asserting on account of Store No. 189 (Westside Pavilion #189) an administrative claim in the amount of $5,440.44 and a general unsecured claim in the amount of $384,308.76.

**WHEREAS**, on June 9, 2017, TM Stony Point Park LP filed a proof of claim, identified as claim number 931 on the Claims Register ("Claim No. 931") asserting on account of Store

4

No. 758 (Stony Point Park) an administrative claim in the amount of $9,127.09 and a general unsecured claim in the amount of $126,445.13.

      **WHEREAS**, on June 9, 2017, Forbes Cohen Florida Properties LP filed a proof of claim, identified as claim number 935 on the Claims Register ("Claim No. 935") asserting on account of Store No. 615 (The Gardens) a general unsecured claim in the amount of $3,367.15.

      **WHEREAS**, on June 9, 2017, Avalon North LLC filed a proof of claim, identified as claim number 938 on the Claims Register ("Claim No. 938") asserting on account of Store No. 770 (Avalon Shopping Center) an administrative claim in the amount of $10,748.08 and a general unsecured claim in the amount of $173,538.02.

      **WHEREAS**, on June 9, 2017, City Place Retail LLC filed a proof of claim, identified as claim number 939 on the Claims Register ("Claim No. 939") asserting on account of Store No. 646 (City Place) an administrative claim in the amount of $7,532.87 and a general unsecured claim in the amount of $17,907.73.

      **WHEREAS**, on June 9, 2017, Biltmore Shopping Center Partners LLC filed a proof of claim, identified as claim number 941 on the Claims Register ("Claim No. 941") asserting on account of Store No. 682 (Biltmore Fashion Park) a general unsecured claim in the amount of $526,332.72.

      **WHEREAS**, on June 9, 2017, Fashion Outlets of Chicago LLC filed a proof of claim, identified as claim number 943 on the Claims Register ("Claim No. 943") asserting on account of Store No. 516 (Fashion Outlets of Chicago #2020) an administrative claim in the amount of $8,362.84 and a general unsecured claim in the amount of $170,857.88.

      **WHEREAS**, on June 9, 2017, Scottsdale Fashion Square LLC filed a proof of claim, identified as claim number 1137 on the Claims Register ("Claim No. 1137") asserting on account

of Store No. 1131 (Scottsdale Fashion Square) an administrative claim in the amount of $3,928.41 and a general unsecured claim in the amount of $630,197.05.

**WHEREAS**, on June 9, 2017, Macerich SMP LP (Santa Monica Place) LLC filed a proof of claim, identified as claim number 1140 on the Claims Register ("Claim No. 1140", together with Claim No. 924, Claim No. 925, Claim No. 926, Claim No. 929, Claim No. 930, Claim No. 931, Claim No. 935, Claim No. 938, Claim No. 939, Claim No. 941, Claim No. 943, and Claim No. 1137, the "15th Omnibus Claims"), asserting on account of Store No. 170 (Santa Monica Place) a general unsecured claim in the amount of $810,216.67.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims* (*Amended, Reduce and Reclassify/Reduce*) [Docket No. 879] (the "Claims Objection"), seeking to reduce the 15th Omnibus Claims as set forth in the Claims Objection.

**WHEREAS**, the Plan Administrator and the Landlords have agreed to resolve the Motion, the Landlord Claims, the Claims Objection and the 15th Omnibus Claims on the terms and conditions set for in this Stipulation and Agreed Order.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulation as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Order.

2. This Stipulation and Agreed Order is made expressly contingent upon approval of, and entry by, the Bankruptcy Court and, should the Stipulation and Agreed Order not be

6

approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Motion, the Landlord Claims, and the 15th Omnibus Claims shall be allowed as follows:

| Claimant | Claim No. | Revised Claim Amount | Total Revised Claim |
|---|---|---|---|
| AVALON NORTH LLC | 938 | GUC $170,204.92 | $170,204.92 |
| BILTMORE SHOPPING CENTER PARTNERS LLC | 941 | GUC $499,928.18 | $499,928.18 |
| CITY PLACE RETAIL LLC | 939 | GUC $15,261.38 | $15,261.38 |
| FASHION OUTLETS OF CHICAGO LLC | 943 | GUC $167,107.88 | $167,107.88 |
| FORBES COHEN FLORIDA PROPERTIES LP | 935 | GUC $1,367.15 | $1,367.15 |
| FRIT SAN JOSE TOWN AND COUNTRY VLG LLC | 960 | Admin $3,050.28 | $3,050.28 |
| MACERICH LA CUMBRE LLC | 924 | Admin $9,322.91 GUC $399,677.17 | $409,000.08 |
| MACERICH NIAGRA LLC | 926 | GUC $432,636.11 | $432,636.11 |
| MACERICH SMP LP (SANTA MONICA PLACE) | 1140 | GUC $807,716.67 | $807,716.67 |
| MACERICH WESTSIDE PAVILIAN | 930 | GUC $373,408.17 | $373,408.17 |
| MACERICH WESTSIDE PAVILION | 929 | GUC $332,773.94 | $332,773.94 |
| SCOTTSDALE FASHION SQUARE LLC | 1137 | GUC $625,675.78 | $625,675.78 |
| SOMERSET COLLECTION LP | 934 | Admin $436.18 GUC $233,216.06 | $233,652.24 |
| TM STONY POINT PARK LP | 931 | Admin $2,194.12 GUC $117,357.34 | $119,551.46 |
| TM WELLINGTON GREEN MALL LP | 932 | Admin $11,606.06 GUC $152,432.75 | $164,038.81 |
| TWC TUCSON LLC (LA ENCANTADA) | 925 | GUC $18,996.69 | $18,996.69 |

4. The remaining amounts sought as administrative claims set forth on Exhibit A to the Motion are hereby disallowed in their entirety.

5. Within five days of entry of the Stipulation and Agreed Order, counsel for the Landlords shall file a withdrawal of the Motion with prejudice. If, for some reason, such pleading is not filed, the Motion shall be deemed withdrawn with prejudice, without further action by the Parties.

7

6. This Stipulation and Agreed Order shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Landlords, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective despite any conversion of any of these bankruptcy cases to a case under any other chapter of the Bankruptcy Code. Pursuant to this Stipulation, the claims in the Motion, the Landlord Claims, and the 15th Omnibus Claims, as allowed herein, shall not be subject to further objection and shall be administered and paid in accordance with the treatment of other similarly situated claims, and as provided in the order approving the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code signed on 7/25/2017.

7. The Landlords represent that they have not transferred any claim (or any portion thereof) that is the subject of this Stipulation and Agreed Order and the Motion.

8. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees, and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and Agreed Order and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

9. This Stipulation and Agreed Order constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

10. This Stipulation and Agreed Order shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

DOCS_SF:97680.3 08467/001

11. Each Party and signatory to this Stipulation and Agreed Order represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and Agreed Order and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation and Agreed Order.

12. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation and Agreed Order, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation and Agreed Order. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

| | |
|---|---|
| Dated: New York, New York<br>October 8, 2018 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: Wilmington, DEo<br>October 8, 2018 | BALLARD SPHAR LLP<br><br>*/s/ Leslie C. Heilman*<br>Leslie C. Heilman, Esquire<br>Chantelle D. McClamb, Esquire<br>Ballard Spahr LLP |

9

919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Fax: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
      mcclambc@ballardspahr.com

and

Dustin P. Branch, Esquire
Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Direct: (424) 204-4354
Fax: (424) 204-4350
E-mail: branchd@ballardspahr.com

and

David L. Pollack, Esquire
Ballard Spahr LLP
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Direct: (215) 864-8325
Fax: (215) 864-9473
E-mail: pollack@ballardpahr.com

*Counsel to Acadia Realty Trust, Federal Realty Investment Trust, PGIM Real Estate, Starwood Retail Partners LLC, The Forbes Company, The Macerich Company and The Related Companies*

**SO ORDERED:**

_____, 2018

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE