**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, | ) | Case No. 17-10466 (SCC) |
| *et al.*,[3] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER RESOLVING PLAN
ADMINISTRATOR'S (I) FIFTH NOTICE OF CLAIMS SATISFIED IN
FULL AS IT RELATES TO CLAIM NO. 20; (II) SEVENTH NOTICE
OF CLAIMS SATISFIED IN FULL AS IT RELATES TO CLAIM NO. 21;
AND (III) SIXTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CERTAIN CLAIMS (AMENDED, NO LIABILITY, REDUCE, RECLASSIFY
AND RECLASSIFY/REDUCE) AS IT RELATES TO SCHEDULED CLAIM NO. 50143**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), and Tarrant County and Dallas County (collectively, the "Texas Taxing Authorities," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[3] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

*NY 247438400*

DOCS_SF:97891.3 08467/001

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered an *Order (I) Approving (A) Omnibus Claims Objection Procedures and (B) Omnibus Claims Satisfaction Procedures, and (II) Authorizing the Plan Administrator to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (d)* [Docket No. 710].

**WHEREAS**, on March 7, 2017, Tarrant County filed a proof of claim identified as claim number 20 on the on the official register of claims maintained by the claims agent, Donlin Recano (the "Claims Register") ("Claim 20") asserting a secured claim in the amount of $14,131.51 on account of taxes due.

**WHEREAS**, on March 7, 2017, Dallas County filed a proof of claim identified as claim number 21 on the Claims Register ("Claim 21") asserting a secured claim in the amount of $58,555.82 on account of taxes due.

2

**WHEREAS**, on June 9, 2017, Debtor, BCBG Max Azria Group, LLC, scheduled John R. Ames Tax Collector (i.e. Dallas County), identified as schedule number 50143 on the Claims Register ("Schedule 50143") as a general unsecured claim in the amount of $34,683.35 on account of taxes due.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fifth Notice of Claims Satisfied in Full* [Docket No. 877] (the "Fifth Satisfaction Notice"). The Plan Administrator objected to Claim No. 20 seeking to disallow and expunge Claim No. 20 on the basis that underlying liability had been paid or otherwise satisfied in full.

**WHEREAS**, on September 7, 2018, the Plan Administrator filed the *Plan Administrator's Seventh Notice of Claims Satisfied in Full* [Docket No. 982] (the "Seventh Satisfaction Notice"). The Plan Administrator objected to Claim No. 21 seeking to disallow and expunge Claim No. 21 on the basis that underlying liability had been paid or otherwise satisfied in full.

**WHEREAS**, on July 16, 2018, the Plan Administrator filed the *Plan Administrator's Sixteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, No Liability, Reduce, Reclassify and Reclassify/Reduce)* [Docket No. 930] (the "Objection"). The Plan Administrator objected to Schedule 50143 seeking to disallow and expunge Schedule 50143 on the basis that the Debtors' books and records do not show any liability to Dallas County.

**WHEREAS**, the Plan Administrator and the Texas Taxing Authorities have agreed to resolve the Objection and otherwise resolve all disputes regarding Claim No. 20, Claim No. 21 and Schedule 50143 on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Schedule 50143 is superseded by Claim No. 21, and Schedule 50143 shall be disallowed and expunged in full.

4. The Parties agree that Claim No. 21 will be allowed as a priority claim in the amount of $19,088.91, and as of the date of this Stipulation has been paid and satisfied in full.

5. The Parties agree that Claim No. 20 shall be allowed as a general unsecured claim in the amount of $14,131.51 (the "GUC Amount").

6. The GUC Amount shall be paid in accordance with the Plan.

7. The Parties further agree that on account of Claim No. 20, Tarrant County shall refund the estate the amount of $8,170.34.

8. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, the Texas Taxing Authorities, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

9. Each of the Texas Taxing Authorities represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

10. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

11. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

12. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

13. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

14. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

| | | |
|---|---|---|
| Dated: | New York, New York<br>October 17, 2018 | PACHULSKI STANG ZIEHL & JONES LLP |

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

| | | |
|---|---|---|
| Dated: | Dallas, TX<br>October 17, 2018 | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP |

*/s/ Beth Weller*
Beth Weller, Esq.
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207
Telephone: (214) 880-0089
Facsimile: (469) 221-5003

*Counsel to Tarrant County and Dallas County*

**SO ORDERED:**

_____, 2018


_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

6

DOCS_SF:97891.3 08467/001