**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[3] | ) ) | Case No. 17-10466 (SCC) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**STIPULATION AND AGREED
ORDER RESOLVING (I) CLAIM NO. 454 OF DIRECT SOURCE
PACKAGING CO., LLC AND (II) THE PLAN ADMINISTRATOR'S
FIFTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN
CLAIMS (AMENDED, REDUCE AND RECLASSIFY/REDUCE) AS IT
RELATES TO DIRECT SOURCE PACKAGING CO., LLC CLAIM NO. 5**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), and Direct Source Packaging Co., LLC ("Direct Source," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel. Direct Source Packaging Co., LLC is a Delaware limited liability company.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[3] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on March 2, 2017, Direct Source filed a proof of claim identified as claim number 5 ("Claim 5") on the official claims register (the "Claims Register"), asserting a non-priority general unsecured claim in the amount of $293,897.56 on account of goods sold.

**WHEREAS**, on May 15, 2017, Direct Source filed a proof of claim identified as claim number 454 ("Claim 454") on the Claims Register, asserting an administrative priority claim in the amount of $193,237.00 on account of goods received by the Debtors within 20 days before the Petition Date.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Reduce and*

2

*Reclassify/Reduce)* [Docket No. 879]. The Plan Administrator objected to Claim 5 seeking to reduce the amount asserted thereunder.

**WHEREAS**, the Plan Administrator and Direct Source have agreed to resolve the Fifteenth Omnibus Objection as it relates to Claim 5 and otherwise resolve all disputes regarding Claim 454 on the terms and conditions set forth in this Stipulation.

## **STIPULATION**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 5 shall be allowed as a non-priority, general unsecured claim in the reduced amount of $163,897.56 (the "GUC Amount").

4. The Parties further agree that Claim 454 shall be allowed as an administrative priority claim in the amount of $130,000.00 (the "Administrative Amount").

5. The Administrative Amount shall be paid in full within thirty (30) days of the Stipulation Effective Date.

6. The GUC Amount shall be paid in accordance with the Plan.

DOCS_SF:97882.2 08467/001

7. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, Direct Source, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

8. Direct Source represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

9. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

10. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

12. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

13. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the

4
DOCS_SF:97882.2 08467/001

Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

| | | |
|---|---|---|
| Dated: | New York, New York<br>December 10, 2018 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: | Melville, New York<br>December 6, 2018 | RIGANO LLC<br><br>*/s/ Nicholas C. Rigano*<br>Nicholas C. Rigano, Esq.<br>538 Broad Hollow Road<br>Suite 217<br>Melville, New York 11747<br>Main: 631.756.5900<br>Fax: 631.756.0008<br><br>*Counsel to Direct Source Packaging Co., LLC* |

**SO ORDERED:**

_____, 2018

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE