**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[3] | ) ) | Case No. 17-10466 (SCC) |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE) AS IT RELATES TO MUNICIPALITY OF SAN JUAN CLAIM NO. 173**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), and the Municipality of San Juan ("MSJ," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel. The Municipality of San Juan is an incorporated municipality located in San Juan, Puerto Rico.

Pursuant to state law and municipal ordinance, the MSJ levies a "municipal license tax" on the net profit earned by companies operating within the municipality.

The Debtors operated a retail location located within the municipality of San Juan, Puerto Rico. The Debtors filed incomplete municipal license tax returns for the years 2011 first and

---

[3] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

second period, and 2007 first and second period, the amounts of which are the basis for MSJ's proof of claim.

## RECITALS

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on April 3, 2017, MSJ filed a proof of claim identified as claim number 171 ("Claim 171") on the official claims register (the "Claims Register"), asserting a priority claim in the amount of $214.74, and a general unsecured claim in the amount of $10.52, for a total claim of $225.26 on account of taxes due.

2

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Reduce, and Reclassify/Reduce)* [Docket No. 879]. The Plan Administrator objected to Claim 171 on the basis that Claim 171 included amounts not entitled to priority.

**WHEREAS**, on May 16, 2018, the Court entered an order disallowing the priority portion of Claim 171 and allowing the general unsecured amount of $10.52 [Docket No. 901].

**WHEREAS**, on April 3, 2017, MSJ filed a proof of claim identified as claim number 172 on the Claims Register ("Claim 172") asserting a priority claim in the amount of $2,467.13 and a general unsecured claim in the amount of $49.06 for a total claim of $2,516.19 on account of taxes due.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fourteenth Omnibus (Non-Substantive) Objection to Certain Claims (Duplicate, Late filed, No Liability and Reclassified)* [Docket No. 878]. The Plan Administrator objected to Claim 172 seeking to disallow and expunge Claim 172 on the basis that the Debtors' books and records do not show any liability to the MSJ.

**WHEREAS**, on May 16, 2018, the Court entered an order disallowing and expunging Claim 172 in its entirety [Docket No. 900].

**WHEREAS**, on April 3, 2017, MSJ filed a proof of claim identified as claim number 173 on the Claims Register ("Claim 173") asserting a priority claim in the amount of $21,310.21 and a general unsecured claim in the amount of $3,051.61 for a total claim of $24,361.82 on account of taxes due.

**WHEREAS**, on October 6, 2018, the Plan Administrator filed the *Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Late filed, No Liability, Reduce, Reclassify and Reclassify/Reduce* [Docket No. 983] (the "Eighteenth Omnibus

3

Objection"). The Plan Administrator objected to Claim 173 seeking to disallow the priority portion of Claim 172 on the basis that the Debtors' books and records do not show any priority liability to the MSJ.

**WHEREAS**, on October 10, 2018, the MSJ filed its *Reply to Objection to Proof of Claim No. 173 Filed by Municipality of San Juan* [Docket No. 1018].

**WHEREAS**, the Plan Administrator and the MSJ have agreed to resolve the Eighteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 173 on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 173 shall be allowed as a priority claim in the amount of $6,000.00 (the "Priority Amount") and a general unsecured claim in the amount of $18,361.82 (the "GUC Amount"), for a total allowed claim of $24,361.82.

4. The MSJ agrees to waive its right to assess the unpaid taxes against the responsible parties.

4

5. The Priority Amount shall be paid within ten (10) days of the Stipulation Effective Date.

6. The GUC Amount shall be paid in accordance with the Plan.

7. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, the MSJ, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

8. The MSJ represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

9. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

10. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

12. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary

Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

13. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated:  New York, New York
        December 13, 2018

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Beth E. Levine
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

Dated:  Aquadilla, Puerto Rico
        December 13, 2018

MUNICIPALITY OF SAN JUAN

Carla Ferrari Lugo
Ferrari Law PSC
PO Box 988
Aguadilla PR 00605-0988

*Counsel to the Municipality of San Juan*

6

**SO ORDERED:**

_____, 2018

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE