**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[3] | ) ) | Case No. 17-10466 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE) AS IT RELATES TO PAOLA EKELUND CLAIM NO. 696**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), and Paola Ekelund ("Ekelund," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global*

---

[3] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

1

*Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on June 5, 2017, Ekelund filed a proof of claim identified as claim number 696 ("Claim 696") on the official claims register maintained by the claims and noticing agent (the "Claims Register"), asserting a general unsecured claim in the amount of $750,000 on account of alleged harassment and wrongful termination.

**WHEREAS**, on September 7, 2018, the Plan Administrator filed the *Plan Administrators Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Late filed, No Liability, Reduce, Reclassify and Reclassify/Reduce)* [Docket No. 983]. The Plan Administrator objected to Claim 696 seeking to expunge the claim in full on account of no liability owing on the Debtors' books and records and no documentation attached to Claim 696 to support the claim.

**WHEREAS**, the Plan Administrator and Ekelund have agreed to resolve the Eighteenth Omnibus Objection as it relates to Claim 696 and otherwise resolve all disputes regarding Claim 696 on the terms and conditions set forth in this Stipulation.

2

**STIPULATION**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 696 shall be allowed as a non-priority, general unsecured claim in the reduced amount of $500,000.00 (the "GUC Amount").

4. The GUC Amount shall be paid in accordance with the Plan.

5. This Stipulation shall be binding and effective upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, Ekelund, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys.

6. Ekelund represents that she has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

7. **Release of Claims by Ekelund**. Except for the claims, rights and obligations reserved or created by the agreement set forth in this Stipulation, Ekelund, for herself and each of her respective past, present and future affiliates, related entities, family members, agents, employees, servants, attorneys or other professionals, as well as their respective predecessors, successors and assigns (collectively, the "Ekelund Releasing Parties"), hereby irrevocably,

unconditionally, explicitly, unequivocally and forever release, waive, remise, acquit and discharge the Debtors, the Post-Effective Date Debtors, the Plan Administrator, and all of their respective past, present and future officers, directors, shareholders, members, managers, employees, agents, independent contractors, administrators, consultants, asset managers, attorneys, accountants, advisors, trustees, insurers, representatives, predecessors, parents, subsidiaries, affiliates, successors and assigns (each in their respective capacities as such) (collectively, the "BCBG Released Parties"), from and against any and all claims, causes of action in law or equity, arbitrations, demands, losses, damages, liabilities, costs and expenses of any kind whatsoever, whether direct or indirect, consequential or incidental, asserted or unasserted, known or unknown, fixed or contingent, disclosed or undisclosed, foreseen or unforeseen, and whether based on contract, tort, statute or other legal or equitable theory of recovery, that any of the Ekelund Releasing Parties have, ever had or may have against any of the BCBG Released Parties whether or not relating in any way to, by reason of or arising out of the subject matter of any lawsuit and claims arising or relating to the facts giving rise to any lawsuit, including, without limitation, all claims that were asserted or could have been asserted against any of the BCBG Released Parties in any lawsuit by any of the Ekelund Releasing Parties, whether known or unknown, which it has or ever has had, which are based on any acts or omissions occurring up to and including the date this Stipulation is fully executed, including, but not limited to, any claims arising out of or in connection with Ekelund's employment by the Debtors and claims for malicious prosecution.

8.      **Waiver of California Civil Code § 1542**.  Without limiting the releases provided in paragraph 7 above, each of the Ekelund Releasing Parties acknowledges that the releases given above includes claims of which they are presently unaware or which they do not presently suspect to exist, and each of the Ekelund Releasing Parties, on its own behalf and on behalf of the other

4

Ekelund Releasing Parties, as appropriate, hereby expressly, knowingly and intentionally waives any benefit or right under Section 1542 of the California Civil Code, or any other statute or common law principles of similar effect, which Section provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE PLAN ADMINISTRATOR.**

9.  Each of the Ekelund Releasing Parties acknowledges that it has received independent legal advice from its attorneys with respect to waiving the provisions of California Civil Code Section 1542 and any other statute or common law principles of similar effect, and acknowledges that this waiver is a material inducement to and consideration for each Party's execution of the Agreement.

10. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

11. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

12. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

13. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this

5

Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

14. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

| | |
|---|---|
| Dated: New York, New York<br>January 7, 2019 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: North Miami, FL<br>January __, 2019 | CHARLIP LAW GROUP, LC<br><br>David H. Charlip, B.C.S.<br>11900 Biscayne Boulevard<br>Suite 200<br>North Miami, FL 33181<br>Tel: (305) 354-9313<br><br>*Counsel to Paola Ekelund* |

DOCS_SF:98589.2 08467/001

Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

14. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated: New York, New York
January __ 2019

PACHULSKI STANG ZIEHL & JONES LLP

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

Dated: North Miami, FL
January 2, 2019

CHARLIP LAW GROUP, LC

David H. Charlip, B.C.S.
11900 Biscayne Boulevard
Suite 200
North Miami, FL 33181
Tel: (305) 354-9313

*Counsel to Paola Ekelund*

6

DOCS_SF:98589.2 08467/001

**SO ORDERED:**

_____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE