**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | ) ) ) ) | Case No. 17-10466 (SCC) |
| Debtors. | ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (DUPLICATE, LATE FILED, NO LIABILITY AND RECLASSIFY AS <u>IT RELATES CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION CLAIM NO. 347</u>**

This stipulation (the "<u>Stipulation</u>") is made between David MacGreevey, in his capacity as plan administrator (the "<u>Plan Administrator</u>") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "<u>Post-Effective Date Debtors</u>" and before the Effective Date of the Plan, the "<u>Debtors</u>"), and the California Department of Tax and Fee Administration[2] ("<u>CDTFA</u>," and together with the Plan Administrator, collectively, the "<u>Parties</u>"), by and through the undersigned counsel. The CDTFA is a public agency located in Sacramento, California.

The Debtors operated several retail locations located within the State of California. The Debtors failed to file their Hazardous Waste/Environmental Fee return for the year ending 12/31/16, the amounts of which are the basis for CDTFA's proof of claim.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

[2] The California Department of Tax and Fee Administration (CDTFA), the funcational successor to the State Board of Equalization (SBE). All duties, powers, rights and property of the SBE were transferred to the CDTFA pursuant to Cal. Gov. Code § 15570.22 et seq., effective July 1, 2017.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on May 4, 2017, the CDTFA filed a proof of claim identified as claim number 347 ("Claim 347") on the official claims register (the "Claims Register"), asserting a priority claim in the amount of $14,867.00 on account of Environmental Fee Hazardous Waste taxes.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Fourteenth Omnibus (Non-Substantive) Objection to Certain Claims (Duplicate, Late Filed, Amended and Reduce)* [Docket No. 878]. The Plan Administrator objected to Claim 347 on the basis that the Debtors have no record of any liability owing to the CDTFA on its books and records.

**WHEREAS**, the Plan Administrator and the CDTFA have agreed to resolve the Fourteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 347 on the terms and conditions set forth in this Stipulation.

**STIPULATION**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 347 shall be allowed as a priority claim in the amount of $7,433.50 (the "Priority Amount") and a general unsecured claim in the amount of $7,433.50 (the "GUC Amount"), for a total allowed claim of $14,867.00.

4. The CDTFA agrees to waive its right to assess the unpaid taxes against the responsible parties.

5. The Priority Amount shall be paid within ten (10) days of the Stipulation Effective Date.

6. The GUC Amount shall be paid in accordance with the Plan.

7. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, the CDTFA, and each of their respective

3

agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

8. The CDTFA represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

9. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

10. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

12. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

13. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation.  The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes.  Further, the Parties

each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

| | |
|---|---|
| Dated: New York, New York<br>April 17, 2019 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: Sacramento, California<br>April 15, 2019 | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION<br><br>Dana Flanagan-McBeth, Tax Counsel III<br>California Department of Tax and Fee Administration<br>450 N. Street, MIC 82<br>Sacramento, CA  95814<br>(916) 323-3354<br><br>*Counsel to the California Department of Tax and Fee Administration* |

DOCS_LA:319905.1 08467/001

**SO ORDERED:**

_____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:319905.2 08467/001