Presentment Date: June 21, 2019 at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: June 21, 2019 at 11:00 a.m. (prevailing Eastern Time)

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :   Chapter 11
                                                           :
RUNWAY LIQUIDATION                                         :   Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,¹                                    :
                                                           :   Jointly Administered
           Debtors.                                        :
-----------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF PLAN ADMINISTRATOR'S
MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING
THE PERIODS TO FILE OBJECTIONS TO CLAIMS**

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") of David MacGreevey, in his capacity as plan administrator (the "Plan Administrator"), dated June 14, 2019, the Plan Administrator will present the *Order Further Extending the Periods to File Objections to Claims*, substantially in the form attached to the Motion as **Exhibit 1** (the "Proposed Order"), for signature to the Honorable Shelley C. Chapman of the United States Bankruptcy Court for the Southern District of New York (the "Court"), in Room 623, One

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, follows: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

Bowling Green, New York, New York 10004-1408 on **June 21, 2019 at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Motion shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefore, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no later than **June 21, 2019 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline"), upon the parties on the Master Service List (as defined in the Case Management Order).

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Court may enter the Proposed Order with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and Case Management Order may be obtained free of charge by visiting the website of Donlin Recano & Company, Inc. at http://www.donlinrecano.com/bcbg.  You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:   June 14, 2019

                                          PACHULSKI STANG ZIEHL & JONES LLP

                                          */s/ Beth E. Levine*
                                          Robert J. Feinstein, Esq.
                                          Bradford J. Sandler, Esq.
                                          Beth E. Levine, Esq.
                                          780 Third Avenue, 34th Floor
                                          New York, New York 10017
                                          Telephone:  (212) 561-7700
                                          Facsimile:  (212) 561-7777

                                          *Counsel to the Plan Administrator*

Presentment Date: June 21, 2019 at 12:00 p.m. (prevailing Eastern Time)
Objection Deadline: June 21, 2019 at 11:00 a.m. (prevailing Eastern Time)

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                                :
**In re**                                                       :    **Chapter 11**
                                                                :
**RUNWAY LIQUIDATION**                                          :    **Case No. 17-10466 (SCC)**
**HOLDINGS, LLC, et al.,**[1]                                   :
                                                                :    **Jointly Administered**
                **Debtors.**                                    :
----------------------------------------------------------------x

**PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF AN ORDER**
**FURTHER EXTENDING THE PERIODS TO FILE OBJECTIONS TO CLAIMS**

David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of BCBG Max Azria Global Holdings, LLC and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors"), hereby submits this motion (the "Motion") for entry of an order (i) further extending the Claim Objection Bar Date (as defined below), and (ii) further extending the Administrative Claim Objection Bar Date,[2] and respectfully represents as follows:

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, follows: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591, Exhibit 1] (the "Plan").

DOCS_SF:96697.9 08467/001

**Jurisdiction**

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Plan Administrator confirms his consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.  On July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the Plan.

4.  On July 31, 2017, the Effective Date of the Plan occurred.  *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of the Effective Date* [Docket No. 601].

5.  Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors."  Plan, at Article IV.E.  This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests."  *Id.*, at Article VII.B.

6. The Plan provides that any objections to claims other than Administrative Claims shall be filed on or before the later of (a) 180 days after the Effective Date (*i.e.*, January 27, 2018) and (b) such other period of limitation as may be specifically fixed by the Debtors or Post-Effective Date Debtors, as applicable, or by a final order of the Bankruptcy Court for objecting to such claims (the "Claim Objection Bar Date" and, together with the Administrative Claim Objection Bar Date, the "Claim Objection Bar Dates"). *See* Plan, at Article VII.E.

7. The Plan provides that the Administrative Claim Objection Bar Date is the later of (a) 60 days after the Effective Date (*i.e.*, September 30, 2017) and (b) 60 days after the filing of the applicable request for payment of the Administrative Claims; provided that the Administrative Claim Objection Bar Date may be extended by the Bankruptcy Court after notice and a hearing. *See* Plan, at Article I.A.8.

8. Pursuant to the *Order Extending the Period to File Objections to Administrative Claims* [Docket. No. 709], the Administrative Claim Objection Bar Date was extended from September 30, 2017 to January 26, 2018.

9. Pursuant to the *Order Further Extending the Period to File Objections to Claims* [Docket No. 797], the Administrative Claim Objection Bar Date was further extended from January 26, 2018 to May 29, 2018, and the Claim Objection Bar Date was extended from January 27, 2018 to May 29, 2018.

10. Pursuant to the *Order Further Extending the Period to File Objections to Claims* [Docket No. 909], the Administrative Claim Objection Bar Date and the Claim Objection Bar Date were extended from May 29, 2018 to September 26, 2018.

11. Pursuant to the *Order Further Extending the Period to File Objections to Claims* [Docket No. 997], the Administrative Claim Objection Bar Date and the Claim Objection Bar Date were extended from September 26, 2018 to December 31, 2018.

12. Pursuant to the *Order Further Extending the Period to File Objections to Claims* [Docket No. 1037], the Administrative Claim Objection Bar Date and the Claim Objection Bar Date were extended from December 31, 2018 to March 29, 2019.

13. Pursuant to the *Order Further Extending the Period to File Objections to Claims* [Docket No. 1129], the Administrative Claim Objection Bar Date and the Claim Objection Bar Date were extended from March 29, 2019 to July 26, 2019.

## Relief Requested

14. The Plan Administrator respectfully requests that the Court further extend the Claim Objection Bar Dates to December 31, 2019, without prejudice to the ability of the Plan Administrator to request further extensions.

## Basis for Relief

15. The Court has the express authority to extend the Claim Objection Bar Dates. *See* Plan, at Article I.A.8 ("[T]he Administrative Claim Objection Bar Date may be extended by the Bankruptcy Court after notice and a hearing."); Plan, at Article VII.E ("Any objections to Claims shall be Filed on or before the later of (1) 180 days after the Effective Date and (2) such other period of limitation as may be specifically fixed by . . . a Final Order of the Bankruptcy Court for objecting to such claims."). Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). Additionally, the Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

16. The authority to extend the Claim Objection Bar Dates is consistent with the Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

17. Since the Effective Date, the Plan Administrator has assumed all responsibilities for the administration of the Post-Effective Date Debtors' affairs that were previously undertaken by the debtors in possession prior to the Effective Date and has dedicated considerable time and effort to a multitude of tasks, including, without limitation, (a) familiarizing himself with the assets, liabilities and unfinished business of the estates, (b) overseeing remaining store closing sales, (c) analyzing remaining unexpired leases and executory contracts, (d) analyzing claims, avoidance actions and other litigation, (e) monitoring operations in Europe, Japan and Canada, and (f) engaging in related transition, plan implementation, and wind down activities.

18. Although the Plan Administrator and his professionals are in the process of reviewing and analyzing the merits of the asserted Claims, and have filed numerous sets of omnibus claims objections, they have not had a sufficient opportunity to complete this comprehensive and time-consuming task. To date, the Plan Administrator has filed eighteen omnibus claims objections and seven notices of satisfaction of claims, seeking to expunge approximately 562 Claims, and plans to file another omnibus claims objection shortly. The Plan

Administrator and his professionals continue to review and analyze the Claims and the Debtors' books and records to reconcile such claims and determine whether and the extent to which they are valid. Extending the deadlines will provide the Plan Administrator additional time to complete this review. The Plan Administrator believes that a further extension of the Claim Objection Bar Dates is in the best interests of all parties in interest. The extension is not sought for improper dilatory purposes and will not unduly prejudice any claimants who have filed Claims.

## Notice

19.     The Plan Administrator has provided notice of this Motion upon the parties on the Master Service List and claimants who have filed Claims that have not yet been disallowed and expunged. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20.     No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE the Plan Administrator respectfully requests the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, further extending the Claim Objection Bar Date and the Administrative Claim Objection Bar Date to and including December 31, 2019, and for such other and further relief as the Court deems appropriate.

Dated: June 14, 2019

                                              PACHULSKI STANG ZIEHL & JONES LLP

                                              */s/ Beth E. Levine*
                                              Robert J. Feinstein, Esq.
                                              Bradford J. Sandler, Esq.
                                              Beth E. Levine, Esq.
                                              780 Third Avenue, 34th Floor
                                              New York, New York 10017
                                              Telephone:  (212) 561-7700
                                              Facsimile:  (212) 561-7777

                                              *Counsel to the Plan Administrator*

# Exhibit 1

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re                                                                              :         Chapter 11
                                                                                        :
**RUNWAY LIQUIDATION**                                       :         Case No. 17-10466 (SCC)
**HOLDINGS, LLC, et al.,**[1]                                   :
                                                                                        :         Jointly Administered
                    Debtors.                                             :
------------------------------------------------------------x

**ORDER FURTHER EXTENDING**
**THE PERIODS TO FILE OBJECTIONS TO CLAIMS**

Upon the motion (the "Motion")[2] of the Plan Administrator, on behalf of the Post-Effective Date Debtors, for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to further extend the Claim Objection Bar Date and the Administrative Claim Objection Bar Date, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Plan Administrator's notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, follows:  Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_SF:96697.9 08467/001

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Claim Objection Bar Date and the Administrative Claim Objection Bar Date are extended to and including December 31, 2019.

3. This Order is without prejudice to the Plan Administrator's right to request further extension(s) of the Claim Objection Bar Date and/or the Administrative Claim Objection Bar Date.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

                                            _____
                                            THE HONORABLE SHELLEY C. CHAPMAN
                                            UNITED STATES BANKRUPTCY JUDGE