**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | ) ) | Case No. 17-10466 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STIPULATION AND AGREED ORDER RESOLVING PLAN
ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO
LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE AS
IT RELATES TO TB MALL AT UTC LLC (CLAIM NO. 278), SHORT HILLS
ASSOCIATES LLC (CLAIM NO. 1122), AND TRG IMP LLC (CLAIM NO. 1128)**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), TB Mall at UTC LLC ("TB Mall"), Short Hills Associates, LLC ("Short Hills"), and TRG IMP LLC ("TRG," and together with, TB Mall, Short Hills, and the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel. TB Mall, Short Hills and TRG are all Delaware limited liability companies.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

DOCS_SF:100951.2 08467/001

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on April 24, 2017, TB Mall filed a proof of claim identified as claim number 278 ("Claim 278") on the official claims register (the "Claims Register"), asserting an administrative priority claim in the amount of $0.00 on account of the Debtors' use of the leased premises at The Mall at University Town Center.

**WHEREAS**, on September 13, 2017, Short Hills filed a proof of claim identified as claim number 1122 ("Claim 1122") on the Claims Register, asserting an administrative priority claim in the amount of $59,951.00 on account of the Debtors' use of the leased premises at The Mall at Short Hills.

2

**WHEREAS**, on September 13, 2017, TRG filed a proof of claim identified as claim number 1128 ("Claim 1128") on the Claims Register, asserting an administrative priority claim in the amount of $47,063.07 on account of the Debtors' use of the leased premises at International Market Place.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Duplicate, Late Filed, Amended and Reduce)* [Docket No. 983]. The Plan Administrator objected to: (i) Claim 278 on the basis that the Debtors have no record of any liability owing to TB Mall on its books and records; (ii) Claim 1122 on the basis that the Debtors have no record of any liability owing to Short Hills on its books and records; and (iii) Claim 1128 on the basis that the amount of Claim 1128 allegedly owed to TRG does not agree with the amounts referenced in the Debtors' books and records.

**WHEREAS**, the Plan Administrator, TB Mall, Short Hills and TRG have each agreed to resolve the Eighteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 278, Claim 1122 and Claim 1128 on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3

3. The Parties agree that Claim 278 shall be disallowed and expunged from the Claims Register.

4. The Parties agree that in connection with Claim 1122, Short Hills owes the Debtor $16,088.48 on account of tax overpayments and other credits (the "Overpayment").

5. The Parties agree that the March amounts claimed under Claim 1122 in the aggregate amount of $78,874.95 have been paid and satisfied in full.

6. The Parties further agree that Claim 1122 shall be shall be disallowed and expunged from the Claims Register.

7. The Parties agree that Claim 1128 shall be allowed as an administrative priority claim in the amount of $6,039.63 (the "Administrative Amount"), and a non-priority general unsecured claim in the amount of $4,957.24 (the "GUC Amount"), for a total claim of $10,996.87.

8. Short Hills shall pay the Overpayment to the estate within fourteen (14) days of the Stipulation Effective Date.

9. The Administrative Amount shall be paid within twenty-one (21) days of the Stipulation Effective Date.

10. The GUC Amount shall be paid in accordance with the Plan.

11. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, TB Mall, Short Hills, and TRG, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

12. The TB Mall, Short Hills, and TRG each represent that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

13. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

14. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

15. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

16. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

17. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated:  New York, New York            PACHULSKI STANG ZIEHL & JONES LLP
        _____, 2019

---

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

Dated:  Bloomfield Hills, Michigan    TB MALL AT UTC LLC
        __6-25__, 2019                SHORT HILLS ASSOCIATES LLC
                                      TRG IMP LLC

---

Andrew S. Conway, Esq.
The Taubman Co., LLC
200 East Long Lake Road, Suite 300
Bloomfield Hills, MI 48304
Telephone:  (248) 258-7427

*Counsel to TB Mall at UTC LLC, Short Hills Associates LLC and TRG IMP LLC*

**SO ORDERED:**

_____, 2019

_____

HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE