Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                    :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **RUNWAY LIQUIDATION** | : | **Case No. 17-10466 (SCC)** |
| **HOLDINGS, LLC, et al.,**[1] | : | |
| | : | **Jointly Administered** |
| **Debtors.** | : | |

-------------------------------------------------------------x

**CERTIFICATION OF COUNSEL REGARDING THE PLAN**
**ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO**
**LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE)**

Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Rules of the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), and in accordance

with the case management procedures set forth in the *Order Establishing Certain Notice, Case*

*Management, and Administrative Procedures* [Docket No. 90] (the "Case Management Order"),

the undersigned hereby certifies as follows:

        1.        On September 7, 2018, counsel to David MacGreevey, in his capacity as

the Plan Administrator, filed the *Plan Administrator's Eighteenth Omnibus (Non-Substantive)*

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax  identification number include:  Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

*Objection to Certain Claims* (*Amended, Late filed, No Liability, Reduce, Reclassify and Reclassify/Reduce*) [Docket No. 983] (the "Eighteenth Omnibus Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      The Case Management Order provides that where no objection to a request for relief is filed, the movant may submit a proposed order granting such request for relief to the Court along with a certificate of no objection stating that no objection has been filed or served on the movant.

3.      The undersigned counsel hereby certifies that, as of the date hereof, she has reviewed the docket in this case and the following two responses ("Responses") were filed:

- *The Taubman Landlords' Response in Opposition to Debtors' Eighteenth Omnibus Objection to Claims* [Docket No. 1006] filed by the Taubman Landlords with respect to Claim Nos. 278, 1122 and 1128; and

- *Reply to Objection to Proof of Claim No. 173 Filed by Municipality of San Juan* [Docket No. 1018] was filed by Municipio de San Juan with respect to Claim No. 173.

4.      The undersigned counsel further certifies that the Plan Administrator has received the following informal responses:

    a.      HI- DEPT OF TAXATION – Proof of Claim No. 1102;

    b.      MYSTIC INC. – Proof of Claim Nos. 710 and 1093;

    c.      DADA TRADING CO LTD – Proof of Claim No. 849; and

    d.      PAOLA EKELUND – Proof of Claim No. 696.

5.      Undersigned counsel further certifies that an informal response was received from Cello Partnership dba Verizon Wireless and was resolved consensually as reflected in the order entered on November 1, 2018 [Docket No. 1025].

6.      Undersigned counsel further certifies that the Eighteenth Omnibus Objection has been continued on eight (8) separate occasions in an effort to resolve the informal

2

responses reflected above.  To date, the claim of Paola Ekelund has been consensually resolved

pursuant to that certain *Stipulation and Agreed Order Resolving Plan Administrator's Eighteenth*

*Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Late filed, No Liability,*

*Reduce, Reclassify and Reclassify/Reduce) as it Relates to Paola Ekelund Claim No. 696* entered

on January 15, 2019 [Docket No. 1059].

   7. Undersigned counsel further certifies that with respect to the claim

asserted by HI- Dept of Taxation, aside from the initial informal response, the undersigned has

received no further communication from creditor despite several attempts to resolve the

objection.

   8. Undersigned counsel further certifies that no other answer, objection, or

other response to the Eighteenth Omnibus Objection appears on the docket and no other informal

response has been received.

   9. Accordingly, the undersigned respectfully requests that the Court enter the

order attached hereto as **<u>Exhibit A</u>** in accordance with the procedures described in the Case

Management Order.

Dated: August 15, 2019

       PACHULSKI STANG ZIEHL & JONES LLP

       */s/ Beth E. Levine*
       Robert J. Feinstein, Esq.
       Bradford J. Sandler, Esq.
       Beth E. Levine, Esq.
       780 Third Avenue, 34th Floor
       New York, New York 10017
       Telephone:  (212) 561-7700
       Facsimile:  (212) 561-7777

       *Counsel to the Plan Administrator*

DOCS_SF:101705.1 08467/001

**EXHIBIT A**

**Proposed Order**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                         :
In re                                    :          Chapter 11
                                         :
RUNWAY LIQUIDATION                       :          Case No. 17-10466 (SCC)
HOLDINGS, LLC, et al.,¹                  :
                                         :          Jointly Administered
              Debtors.                   :
------------------------------------------------------------x
```

**ORDER GRANTING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS**
**(NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE**
**FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE)**

Upon the objection (the "Objection")[2] of the Plan Administrator for entry of an order

(this "Order") disallowing and expunging or modifying the claims identified on **Schedule 1** and

**Schedule 2**, hereto (collectively, the "Disputed Claims") in each case pursuant to section 502(b)

of the Bankruptcy Code, Bankruptcy Rule 3007, and the Objection Procedures, all as more fully

set forth in the Objection; and upon the Boken Declaration; and the Court having found that it has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the Southern District of New York*,

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number, follows:  Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

dated December 1, 2016, and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

the relief requested in the Objection is in the best interests of the Post-Effective Date Debtors,

creditors, and other parties in interest; and the Court having found that the Plan Administrator

provided appropriate notice of the Objection and the opportunity for a hearing on the Objection

under the circumstances; and the Court having reviewed the Objection; and the Court having

determined that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is sustained to the extent set forth herein.

2.      Each No Liability Claim identified on **Schedule 3** attached hereto is hereby

disallowed and expunged in its entirety.

3.      Each Reduced Claim identified on **Schedule 2** attached hereto is hereby modified

in amount as identified in the column entitled "Modified Total" on **Schedule 2** attached hereto.

4.      Donlin Recano, the Debtors' noticing and claims agent, is authorized to update

the Claims Register to reflect the relief granted in this Order.

5.      Entry of this Order is without prejudice to the Plan Administrator's right to object

to any other Claims in these chapter 11 cases or to further object to the Disputed Claims (to the

extent they are not disallowed and expunged pursuant to this Order) on any grounds whatsoever,

at a later date.

6.      Each Disputed Claim and the Objection by the Plan Administrator to each

Disputed Claim as addressed in the Objection and as identified in **Schedule 1** and

**Schedule 2**, attached hereto constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Disputed Claim. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2018

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

DOCS_SF:101705.1 08467/001

**Schedule 1**

*ORDER GRANTING 18TH OMNIBUS OBJECTION - NO LIABILITY CLAIMS - BOOKS AND RECORDS*

| Name of Claimant | | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Basis for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| OH- DEPT OF TAXATION BANKRUPTCY DIVISION PO BOX 530 COLUMBUS OH 43216 | BCBG MAX AZRIA GROUP, LLC | 5/30/2017 | 622 | $ - | $ - | $ - | $ 10,124.06 | $ 3,184.83 | $ 13,308.89 | No record of claim existence in Debtors' books and records. |
| OH- DEPT OF TAXATION BANKRUPTCY DIVISION PO BOX 530 COLUMBUS OH 43216 | MAX RAVE, LLC | 5/30/2017 | 623 | $ - | $ - | $ - | $ 2,174.13 | $ 5,679.75 | $ 7,853.88 | No record of claim existence in Debtors' books and records. |

**Schedule 2**

*ORDER GRANTING 18TH OMNIBUS OBJECTION - REDUCE - BOOKS AND RECORDS*

| Name of Claimant | Debtor Name | Date Claim Filed | Claim Number | Asserted Claim Amount | | | | | | Modified Amount | | | | | | Basis for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Secured | Admin | 503(b)(9) | Priority | Unsecured | Total | Secured | Administrative | 503(b) (9) | Priority | Unsecured | Modified Total | |
| HI- DEPT OF TAXATION BANKRUPTCY UNIT PO BOX 259 HONOLULU HI 96809 | MAX RAVE, LLC | 8/28/2017 | 1102 | $ - | $ - | $ - | Unliquidated | $ 1,215.09 | Unliquidated | $ - | $ - | $ - | $ - | $ 1,215.09 | $ 1,215.09 | Liquidating priority claim amount to $0. |