**Presentment Date: September 11, 2019 at 12:00 pm (ET)**
**Objection Deadline:  September 10, 2019 at 4:00 pm (ET)**

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | Case No. 17-10466 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE AS IT RELATES TO DADA TRADING CO. LTD (CLAIM NO. 849)**

**PLEASE TAKE NOTICE** that on September 3, 2019, David MacGreevey, in his capacity as plan administrator (the "Plan Administrator"), filed the annexed *Stipulation and Agreed Order Resolving the Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Late filed, No Liability, Reduce, Reclassify and*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

*Reclassify/Reduce) as it Relates Dada Trading Co. Ltd. (Claim No. 849)* (the "Stipulated Order").[2]

**PLEASE TAKE NOTICE** that the parties to the Stipulated Order hereby provide notice of presentment of the Stipulated Order, which is annexed hereto, as set forth below.

**PLEASE TAKE FURTHER NOTICE THAT the Plan Administrator, by and through undersigned counsel, will present the annexed Stipulated Order, agreed to between the Plan Administrator and Dada Trading Co. Ltd., to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on September 11, 2019 at 12:00 pm (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an "Objection") to the Stipulated Order shall be in writing, shall confirm to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90] (the "Case Management Order"), shall set forth the basis for the Objection and the specific grounds therefor, and shall be filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Court), with a hard copy delivered directly to chambers pursuant to Local Rule 9070-1 and served so as to be actually received no later than **September 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

---

[2] Capitalized termed used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulated Order.

2

**PLEASE TAKE FURTHER NOTICE** that if an Objection is not filed and served by the Objection Deadline in accordance with the preceding paragraph, there will not be a hearing and the Stipulated Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if an Objection is timely filed and served, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated:   September 3 2019                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 17-10466 (SCC) |
| | ) | |
| Debtors. | ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE AS IT RELATES TO DADA TRADING CO. LTD (CLAIM NO. 849)**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors") and Dada Trading Co. Ltd. ("DaDa," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel. DaDa Trading Co. Ltd. is a South Korean entity.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

*Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id.* at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on June 8, 2017, DaDa filed a proof of claim identified as claim number 849 ("Claim 849") on the official claims register (the "Claims Register"), asserting (i) an administrative priority claim under 11 U.S.C. § 503(b)(9) in the amount of $66,025.52 on account of goods received by the Debtor within 20 days before the Petition Date; (ii) an administrative expense claim under 11 U.S.C. § 507(a)(2) in the amount of $406,8997.58 on account of goods received by the Debtor postpetition; and (iii) a non-priority general unsecured claim in the amount of $4,462,771.00 on account of goods sold, for a total claim of $4,935,694.10.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Duplicate, Late Filed, Amended and Reduce)* [Docket No. 983]. The Plan Administrator objected to Claim 849 on the basis that: (i) the amount of Claim 849 allegedly owed to DaDa does not agree with the amounts referenced in the Debtors' books and records, (ii) insufficient documentation to evidence delivery of pre- and

2

postpetition goods was provided; and (iii) 11 U.S.C. § 507(a)(3) is not applicable to Claim 849 and should be reclassified as a general unsecured claim.

**WHEREAS**, the Plan Administrator and DaDa have each agreed to resolve the Eighteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 849 on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 849 shall be allowed as an administrative claim (the "Allowed Administrative Claim") in the amount of $50,000.00 (the "Administrative Amount").

4. The Administrative Amount shall be paid within twenty-one (21) days of the Stipulation Effective Date.

5. Except for the Allowed Administrative Claim, the Plan Administrator, on behalf of the estate, on the one hand, and DaDa, on the other hand, upon the effectiveness of this Stipulation, mutually release each other from all claims, causes of action, or demands, known or unknown, that have been or could be asserted relating to any dealings between the parties up to and including the

3

date of the effectiveness of this Stipulation. The Plan Administrator and DaDa, each for themselves and for their respective legal successors and assigns, expressly, knowingly and intentionally waive any benefit or right under section 1542 of the California Civil Code, or any other statute or common law principles of similar effect, which section provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6. The Plan Administrator and DaDa each acknowledge that they have received independent legal advice from their respective attorneys with respect to waiving the provisions of California Civil Code Section 1542 and any other statute or common law principles of similar effect, and acknowledge that this waiver is a material inducement to and consideration for each party's execution of this Stipulation.

7. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, DaDa, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

8. DaDa represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

9. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

10. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

12. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

13. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

DOCS_SF:101618.1 08467/001

| | | |
|---|---|---|
| Dated: | New York, New York<br>September 3, 2019 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: | Melville, New York<br>September __, 2019 | RIGANO LLC<br><br><br>Nicolas C. Rigano, Esq.<br>538 Broad Hollow Road<br>Suite 301<br>Melville, NY 11747<br>Telephone: (631) 756-5900<br><br>*Counsel to DaDa Trading Co. Ltd.* |

6

Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated:  New York, New York  PACHULSKI STANG ZIEHL & JONES LLP
        September __, 2019

/s/
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

Dated:  Melville, New York  RIGANO LLC
        September 2, 2019

Nicolas C. Rigano, Esq.
538 Broad Hollow Road
Suite 301
Melville, NY 11747
Telephone: (631) 756-5900

*Counsel to DaDa Trading Co. Ltd.*

**SO ORDERED:**

_____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

7