**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1] | ) ) ) ) | Case No. 17-10466 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S EIGHTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, LATE FILED, NO LIABILITY, REDUCE, RECLASSIFY AND RECLASSIFY/REDUCE AS IT RELATES TO MYSTIC INC. (CLAIM NOS. 710 AND 1093)**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors") and Mystic Inc. ("Mystic," and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel. Mystic Inc. is a New York corporation.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global*

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

*Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id.* at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on March 1, 2012, BCBG Max Azaria Group, Inc. and Mystic entered into that certain Manufacturing License Agreement, as amended and extended from time to time (the "License").

**WHEREAS**, on June 7, 2017, Mystic filed a proof of claim identified as claim number 710 ("Claim 710") on the official claims register (the "Claims Register"), asserting a secured claim in the amount of $2,028,945.54 on account of goods sold, pursuant to the License.

**WHEREAS**, on August 23, 2017, Mystic filed a proof of claim identified as claim number 1093 ("Claim 1093") on the Claims Register, asserting an administrative priority claim in the amount of $2,509,277.00 on account of goods sold, pursuant to the License.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Plan Administrator's Eighteenth Omnibus (Non-Substantive) Objection to Certain Claims (Duplicate, Late Filed, Amended and Reduce)* [Docket No. 983]. The Plan Administrator objected to: (i) Claim 710 on the

2

basis that the Debtors have no record of any liability owing to Mystic on its books and records, and that any post-petition good supplied were set off against post-petition royalties outstanding to the Debtors and (ii) Claim 1093 on the basis that any post-petition good supplied were set off against post-petition royalties outstanding to the Debtors, and that the claim should be reduced and reclassified as a general unsecured claim.

**WHEREAS**, the Plan Administrator and Mystic have each agreed to resolve the Eighteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 710, Claim 1093 and the License, including among other things any causes under Chapter 5 of the Bankruptcy Code (USC Title 11), on the terms and conditions set forth in this Stipulation.

## **STIPULATION**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 710 shall be disallowed and expunged from the Claims Register.

4. The Parties agree that Claim 1093 shall be disallowed and expunged from the Claims Register.

DOCS_SF:101809.1 08467/001
120913.00106/121885349v.2

5. The Parties further agree that Mystic shall pay on account of royalties (the "Royalties") due pursuant to the License, the amount of $100,000.

6. Mystic shall pay the Royalties by wire to the Plan Administrator on or before October 3, 2019.

7. This Stipulation resolves all disputes among the Parties relating to Claim 709, Claim 1093 and the License Agreement, including any claims or causes under chapter 5 of the Bankruptcy Code, and shall be binding upon, and shall inure to, the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, Mystic, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

8. Mystic and the Plan Administrator each represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

9. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

10. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

11. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

12. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all

4

approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

13. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

[*Remainder of page intentionally left blank*]

| | | |
|---|---|---|
| Dated: | New York, New York<br>September 18, 2019 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Beth E. Levine*<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Beth E. Levine, Esq.<br>780 Third Avenue, 34th Floor<br>New York, New York 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br><br>*Counsel to the Plan Administrator* |
| Dated: | New York, New York<br>September 18, 2019 | MYSTIC INC.<br><br>*/s/ Ira L. Herman*<br>Ira L. Herman<br>Blank Rome LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 885-5052<br><br>*Counsel to Mystic Inc.* |

6

**SO ORDERED:**

_____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE