**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,³ | ) ) ) ) | Case No. 17-10466 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER RESOLVING PLAN ADMINISTRATOR'S FIFTEENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (AMENDED, REDUCE AND RECLASSIFY/REDUCE) AS IT RELATES TO TENNESSEE DEPARTMENT OF REVENUE CLAIM NO. 654**

This stipulation (the "Stipulation") is made between David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and before the Effective Date of the Plan, the "Debtors"), and the Tennessee Department of Revenue ("TDOR" and together with the Plan Administrator, collectively, the "Parties"), by and through the undersigned counsel.

**RECITALS**

**WHEREAS**, on February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**WHEREAS**, on July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global*

---

³The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

1

*Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the chapter 11 plan annexed thereto (the "Plan").

**WHEREAS**, on July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601]. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan at Article IV.E. This includes the authority "to File, withdraw, or litigate to judgment objections to Claims or Interests." *Id*. at Article VII.B.

**WHEREAS**, on September 28, 2017, the Court entered the Objection Procedures Order.

**WHEREAS**, on May 30, 2017, TDOR filed a proof of claim identified as claim number 654 ("Claim 654") on the official claims register (the "Claims Register"), asserting a priority claim in the amount of $57,205.40, and a general unsecured claim in the amount of $6,882.50, for a total claim of $64,088.15 on account of taxes due.

**WHEREAS**, also on May 30, 2017, TDOR filed a proof of claim identified as claim number 655 ("Claim 655") on the Claims Register asserting a priority claim in the amount of $8,535.97, and a general unsecured claim in the amount of $968.50, for a total claim of $9,504.47 on account of taxes due. Claim 655 was expunged by Court Order on September 20, 2018, Docket No. 1003.

**WHEREAS**, on August 15, 2017, TDOR filed a proof of claim identified as claim number 1079 ("Claim 1079") on the Claims Register asserting a priority claim in the amount of $10,248.53, and a general unsecured claim in the amount of $1,396.94, for a total claim of $11,645.47 on account of taxes due. Claim 1079 was reduced, pursuant to Court Order [Docket No. 1003], to an allowed

2

priority claim in the amount of $1,774.00 and an allowed general unsecured claim in the amount of $676.59, for a total allowed claim of $2,450.59.

**WHEREAS**, on April 23, 2018, the Plan Administrator filed the *Fifteenth Omnibus (Non-Substantive) Objection to Certain Claims (Amended, Reduce and Reclassify/Reduce) [Docket No. 879]* objecting to Claim 654 on the grounds that Claim 654 included amounts not entitled to priority.

**WHEREAS**, the Plan Administrator and TDOR have agreed to resolve the Fifteenth Omnibus Objection and otherwise resolve all disputes regarding Claim 654 on the terms and conditions set forth in this Stipulation.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree and stipulate as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. This Stipulation is made expressly contingent upon approval of, and entry by, the Bankruptcy Court (the date of such entry being referred to herein as the "Stipulation Effective Date") and, should the Stipulation not be approved and entered, the Parties will be deemed to have returned to their respective positions immediately prior to the execution of this Stipulation with all rights and privileges reserved.

3. The Parties agree that Claim 654 shall be allowed as a priority claim in the amount of $7,500.00 (the "Priority Amount") and a general unsecured claim in the amount of $30,152.82 (the "GUC Amount"), for a total allowed claim of $37,652.82.

4. The Priority Amount shall be paid within ten (10) days of the Stipulation Effective Date.

5. The GUC Amount shall be paid in accordance with the Plan.

6. This Stipulation shall be binding upon, and shall inure to the benefit of each of, the Plan Administrator, the Post-Effective Date Debtors, the TDOR, and each of their respective agents, employees, representatives, assigns, successors in interest, and attorneys, and shall be binding and effective.

7. The TDOR represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

8. Each of the Parties shall be responsible for its respective costs and expenses (including, without limitation, attorneys' fees and expenses) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or expenses incurred by any other party hereto.

9. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by both of the Parties or their counsel and approved by the Bankruptcy Court.

10. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York without regard to any law concerning the conflicts of laws.

11. Each Party and signatory to this Stipulation represents and warrants to each other Party that such Party or signatory has full power, authority, and legal right and has obtained all approvals and consents necessary to execute, deliver, and perform all actions required under this Stipulation and, where applicable, has obtained all authority, approvals, and consents necessary to

act on behalf of another Party to execute, deliver, and perform all actions required under this Stipulation.

12. The Bankruptcy Court shall retain exclusive jurisdiction to hear and finally determine all disputes arising from or related to this Stipulation, including the performance of the Parties' obligations hereunder and the interpretation of this Stipulation. The Parties each consent to the Bankruptcy Court hearing and finally determining all such disputes. Further, the Parties each agree to waive trial by jury in an action, proceeding, or counterclaim brought by or on behalf of the Parties hereto with respect to any such dispute.

Dated: New York, New York
December 20, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Beth E. Levine, Esq.
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

Dated: Nashville, Tennessee
December 20, 2019

TENNESSEE DEPARTMENT OF REVENUE

Marvin E. Clements, Jr.,
Senior Assistant Attorney General
Bankruptcy Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207

*Authorized Representative of the Tennessee Department of Revenue*

DOCS_SF:102121.1 08467/001

**SO ORDERED:**

_____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE