Hearing Date and Time: March 27, 2025 at 3:00 p.m. (Eastern Time)
Objection Deadline: March 20, 2025 at 4:00 p.m. (Eastern Time)

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
**RUNWAY LIQUIDATION** : Case No. 17-10466 (PB)
**HOLDINGS, LLC, et al.,**[1] :
: Jointly Administered
**Debtors.** :
---------------------------------------------------------------x

# PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASES

David MacGreevey, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of Runway Liquidation Holdings, LLC, and its affiliated post-effective date debtors (collectively, the "Post-Effective Date Debtors" and, before the Effective Date of the Plan, the "Debtors"), hereby moves (the "Motion") for entry of a final decree (the "Final Decree") closing the above-captioned chapter 11 cases. In support of this Motion, the Plan Administrator respectfully states as follows:

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

4898-3724-6977.5 08467.001

**Jurisdiction and Venue**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016. The Plan Administrator confirms his consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 105(a) and 305 of the Bankruptcy Code, Bankruptcy Rule 3022, and Rule 9013-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

**Relief Requested**

4.  By this Motion, the Plan Administrator respectfully requests entry of a final decree (the "Final Decree"), substantially in the form attached to this Motion as **Exhibit A**, closing the chapter 11 cases of Runway Liquidation Holdings, LLC, Case No. 17-10466 and Runway Liquidation, LLC, Case No. 17-10465 (the "Remaining Cases").

**Background**

5.  On February 28, 2017, the Debtors commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. In accordance with the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 66], the Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015.

7. On July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the *Amended Joint Plan of Reorganization of BCBG Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 461] (the "Plan").

8. On July 31, 2017, the Effective Date[2] of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of the Effective Date* [Docket No. 601].

9. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan art. IV.E.

10. On December 9, 2019, the Plan Administrator filed his *Motion for Entry of Order and Final Decree Closing the Chapter 11 Cases of Runway Liquidation Intermediate Holdings, LLC, MR Liquidation, LLC, and MMH Liquidation, LLC Only, Waiving Requirement of Further Post-Confirmation Reporting in Such Chapter 11 Cases, and Updating Case Caption* [Docket No. 1194]. A final decree closing the cases of Runway Liquidation Intermediate Holdings, LLC, MR

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Liquidation, LLC, and MMH Liquidation, LLC was entered on December 17, 2019 [Docket No. 1198]. As a result, the chapter 11 cases of just Runway Liquidation Holdings, LLC and Runway Liquidation, LLC (the "Remaining Cases") remain open.

11. There are no pending proofs of claim filed against the Debtors. All applicable bar dates and deadlines for filing prepetition or administrative claims against the Debtors have lapsed. All disputes and controversies in the Debtors' Chapter 11 Cases have been resolved.

12. Out of an abundance of caution, the Plan Administrator discloses that on March 8, 2017, the Debtors' indirectly-owned French subsidiary, BCBG Max Azria Group SAS (hereinafter "BCBG France"),[3] which operated in Europe, was placed in judicial bankruptcy reorganization[4] by the Romans-sur-Isère Commercial Court. On October 16, 2017, the Romans-sur-Isère Commercial Court declared BCBG France's judicial liquidation. As a result of the declaration of liquidation of BCBG France, the approximately 166 employees working for BCBG France were made redundant and, ultimately, were laid off by the court-appointed liquidator. Employees took legal action in France to challenge the legitimacy of the economic reason for their dismissal, which resulted in a ruling by the labor court in France for damages totaling approximately €2.7 million joint and severally against co-defendants BCBG France, BCBG Europe and BCBG Max Azria Group LLC as "co-employers." This ruling has not been reduced to judgment in the United States against either of the Post-Effective Date Debtors, and no proof of claim was ever filed by the French employees in the bankruptcy case.[5]

---

[3]   BCBG France was 100% owned by SARL BCBG Max Azria Group Europe Holdings (hereinafter "BCBG Europe"), which had no operating activities. BCBG France.

[4]   "Judicial bankruptcy reorganization" is the French equivalent of Chapter 11 in the United States.

[5]   On June 9, 2017, BCBG France filed proofs of claim against three of the Debtors in the Bankruptcy Court asserting damages claims arising from the Debtors' alleged termination of their trademark and wholesale agreements and asserting a right of setoff ("Claims 901, 902 & 903"). Claims 901, 902 and 903 have all since been withdrawn by BCBG France.

4898-3724-6977.5 08467.001                4

13. The Plan Administrator has fully completed the wind down of the operations of the Debtors' business, including the disposition of all remaining assets of the estates. All unsecured creditor distributions have been completed in accordance with the terms of the Plan. All Post-Effective Date obligations of the Plan Administrator have been fully performed.

## Basis for Relief Requested

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements Bankruptcy Code § 350, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." "Courts have wide discretion in determining whether to close a chapter 11 case and 'Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered.'" *In re Motors Liquidation Co.*, 625 B.R. 605, 614 (Bankr. S.D.N.Y. 2021) (citing *In re Federated Dep't Stores, Inc.*, 43 F. App'x 820, 823 (6th Cir. 2002)).

15. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules for the Southern District of New York. The Advisory Committee Notes to Bankruptcy Rule 3022 (the "Advisory Committee Notes"), however, set forth the following non-exclusive factors for consideration in determining whether a case has been fully administered:

   a. Whether the order confirming the plan has become final;

   b. Whether deposits required by the plan have been distributed;

   c. Whether the property proposed by the plan to be transferred has been transferred;

   d. Whether the debtor or the successor under the plan has assumed the business of the management of the property dealt with by the plan;

  e. Whether payments under the plan have commenced; and

  f. Whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Note (1991 Amendment). The Committee Notes further provide the "[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed" and "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." *Id.*

  16. Courts generally use the above six factors to determine whether a case has been fully administered. *See, e.g., In re Aquatic Dev. Grp., Inc.*, 352 F.3d 671, 676 (2d Cir. 2003); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999). These six factors, however, are merely guidelines that aid a court's determination, and each of the factors need not be present before a court enters a final decree. *See In re Motors Liquidation Co.*, 625 B.R. at 615 ("Although courts should apply and weigh the factors, no one factor is dispositive. Rather, these factors act as mere guidelines to aid a court in its determination"); *Kliegl Bros.*, 238 B.R. at 542 ("The factors set forth in the [Committee] Note are plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case."); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

  17. In addition to the factors set forth in the Committee Notes, courts have also considered an estate "fully administered" if the plan of reorganization has been substantially consummated. *See, e.g., In re Gates Cmty. Chapel*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) ("[S]everal courts have concluded that a Chapter 11 case should be considered 'fully administered' when it reaches the point of substantial consummation as defined in Section 1101(2)") (citations

omitted); *see also Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same). The Bankruptcy Code defines the term "substantial consummation" as:

    a.    Transfer of all or substantially all of the property proposed by the plan to be transferred;

    b.    Assumption by the debtor or by the successor to the debtor under the plan of business or of the management of all or substantially all of the property dealt with by the plan; and

    c.    Commencement of distribution under the plan.

*See* 11 U.S.C. § 1101(2).

18.    The foregoing factors weigh strongly in favor of closing the Remaining Cases. The Plan has been substantially consummated in accordance with section 1101 of the Bankruptcy Code, the terms of the Plan, and the Confirmation Order. The Plan Administrator has made all distributions under the Plan.

19.    On the other hand, section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the Office of the United States Trustee (the "U.S. Trustee") even after the consummation of a chapter 11 plan until the case is closed. Thus, unless and until the Court enters the Final Decree, quarterly fees will continue to be payable to the U.S. Trustee on account of the Remaining Cases, constituting a cost to the Debtors that otherwise could be used for distributions.

20.    The pending litigation resolving amounts owing to the former employees of BCBG France should not preclude entry of the Final Decree. If any liability is owed, the Plan Administrator will make a cash payment to those claimants, for which the Plan Administrator has already reserved. In either case, the Plan Administrator can accomplish this limited remaining distribution without keeping the Remaining Cases open. In the unlikely event that further litigation is necessary in the bankruptcy court to resolve any issues, the chapter 11 cases can be reopened,

as necessary, to provide further relief. *See* 11 U.S.C. § 350(b) ("[a] case may be reopened in the court in which such case was closed . . . to accord relief to the debtor[.]"); Bankruptcy Rule 5010.

21. Furthermore, bankruptcy courts have entered final decrees or otherwise permitted the closing of chapter 11 cases while litigation was still pending in other courts. *See, e.g.*, *In re Avianca Holdings S.A.*, No. 20-11133, Dkt. No. 2626 (Bankr. S.D.N.Y. Sept. 16, 2022); *In re Fiorano Tile Imports, Inc.*, No. 8:10-77406, Dkt. No. 275 (Bankr. E.D.N.Y. Jan. 27, 2014); *In re Transwest Resort Props.*, No. 4:10-bk-37134, Dkt. No. 939 (Bankr. D. Ariz. Sept. 25, 2012).

22. Accordingly, the Plan Administrator submits that closing the Remaining Cases is warranted in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

## Notice

23. Notice of this Motion has been provided in accordance with the procedures set forth in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 90]. The Plan Administrator respectfully submits that no further notice is required.

## No Prior Request

24. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, based on the foregoing, the Plan Administrator respectfully requests that

[*Remainder of Page Intentionally Left Blank*]

this Court (a) enter the Final Decree, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: February 10, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | /s/ *Robert J. Feinstein* |
| | Robert J. Feinstein |
| | Bradford J. Sandler |
| | 780 Third Avenue, 34th Floor |
| | New York, New York 10017-2024 |
| | Telephone: 212-561-7700 |
| | Facsimile: 212-561-7777 |
| | |
| | *Counsel to the Plan Administrator* |

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10466 (PB)<br><br>Jointly Administered |

## ORDER OF FINAL DECREE CLOSING THE CHAPTER 11 CASES

Upon the Motion[2] of the Plan Administrator, pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, for entry of a final decree (this "Final Decree") closing the Remaining Cases, as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and the Declaration of John Boken and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates and

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4898-3724-6977.5 08467.001

creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

        IT IS HEREBY ORDERED THAT:

1.     The Motion is granted to the extent set forth herein.

2.     The following cases are hereby closed, effective immediately: Runway Liquidation Holdings, LLC, Case No. 17-10466 and Runway Liquidation, LLC, Case No. 17-10465.

3.     The Plan Administrator shall pay the U.S. Trustee any quarterly fees due pursuant to 28 U.S.C. § 1930, together with any applicable interest due pursuant to 31 U.S.C. § 3717, within 25 days of the entry of this Order of Final Decree. Within 20 days after the entry of the Order, the Debtors shall provide to the U.S. Trustee an affidavit indicating cash disbursements through the first quarter of 2024 and for any additional period concluding on or before the date that the Final Decree is entered by the Bankruptcy Court.

4.     Donlin, Recano & Company, Inc. ("Donlin Recano") shall (a) prepare final claim registers for the clerk's office, pursuant to the guidelines for implementing 28 U.S.C. § 156(c), and (b) box and transport all claims to the Federal Archives at the direction of the office of the Clerk of Court. The services of Donlin Recano as the official claims and noticing against for the Debtors, pursuant to 28 U.S.C. § 156(c) and prior order of this Court, are hereby terminated and released.

5.     Following entry of this Order, the Plan Administrator shall file a consolidated closing report with respect to all of the Debtors, pursuant to Local Rule 3022-1.

6.     Entry of this Final Decree is without prejudice to the rights of the Plan Administrator or any party in interest to seek to reopen the Remaining Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

7. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree. Furthermore, the Court shall retain jurisdiction over any matter in these chapter 11 cases, including with respect to all matters described in Article XI of the Plan.

Dated: _____, 2025
New York, New York

                                            HONORABLE PHILIP BENTLEY
                                            UNITED STATES BANKRUPTCY JUDGE