Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, et al.,[1] | Case No. 17-10466 (PB) |
| | Jointly Administered |
| Debtors. | |

----------------------------------------------------------------x

**DECLARATION OF JOHN BOKEN IN SUPPORT OF PLAN ADMINISTRATOR'S MOTION FOR ENTRY OF FINAL DECREE CLOSING THE CHAPTER 11 CASES**

I, John Boken, declare as follows:

1. I am a Partner and Managing Director of AlixPartners and the Chief Financial Officer and Authorized Representative of the Plan Administrator for Runway Liquidation Holdings, LLC. I submit this declaration in support of the *Plan Administrator's Motion for Entry of Final Decree Closing the Chapter 11 Cases* (the "**Motion**").[2] I am over the age of 18 and competent to testify.

---

[1] The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include:  Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

[2] Capitalized terms have the meanings ascribed to them in the definitions set forth in the Motion.

2. Except as otherwise noted, I have personal knowledge of the matters set forth herein. All facts set forth in this declaration are based on my personal knowledge, my discussions with other members of the Plan Administrator's personnel and staff and my review of relevant documents. In making this declaration, I have relied in part on information and materials that the Plan Administrator's personnel and advisors have gathered, prepared, verified, and provided to me, in each case under the Plan Administrator's ultimate supervision, at my direction, and/or for my benefit in preparing this declaration. If I were called to testify as a witness in this matter, I could and would testify competently to the facts set forth herein.

3. On July 26, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 591] confirming the Plan.

4. On July 31, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of the Effective Date* [Docket No. 601].

5. Pursuant to the Plan, the Plan Administrator was appointed on the Effective Date "to implement the Plan and to make distributions thereunder and wind down the businesses and affairs of the Debtors and Post-Effective Date Debtors." Plan art. IV.E.

6. On December 9, 2019, the Plan Administrator filed the *Motion for Entry of Order and Final Decree Closing the Chapter 11 Cases of Runway Liquidation Intermediate Holdings, LLC, MR Liquidation, LLC, and MMH Liquidation, LLC Only, Waiving Requirement of Further Post-Confirmation Reporting in Such Chapter 11 Cases, and Updating Case Caption* [Docket No.

1194]. A final decree closing the cases of Runway Liquidation Intermediate Holdings, LLC, MR Liquidation, LLC, and MMH Liquidation, LLC was entered on December 17, 2019 [Docket No. 1198]. As a result, the chapter 11 cases of just Runway Liquidation Holdings, LLC and Runway Liquidation, LLC (the "Remaining Cases") remain open.

7. There are no pending proofs of claim filed against the Debtors. All applicable bar dates and deadlines for filing prepetition or administrative claims against the Debtors have lapsed. All disputes and controversies in the Debtors' Chapter 11 Cases have been resolved.

8. On March 8, 2017, the Debtors' indirectly-owned French subsidiary, BCBG Max Azria Group SAS (hereinafter "BCBG France"),[3] which operated in Europe, was placed in judicial bankruptcy reorganization[4] by the Romans-sur-Isère Commercial Court. On October 16, 2017, the Romans-sur-Isère Commercial Court declared BCBG France's judicial liquidation. As a result of the declaration of liquidation of BCBG France, the approximately 166 employees working for BCBG France were made redundant and, ultimately, were laid off by the court-appointed liquidator. Employees took legal action in France to challenge the legitimacy of the economic reason for their dismissal, which resulted in a ruling by the labor court in France for damages totaling approximately €2.7 million joint and several against co-defendants BCBG France, BCBG Europe and BCBG Max Azria Group LLC as "co-employers". This ruling has not been reduced to judgment in the United States against either of the Post-Effective Date Debtors, and no proof of claim was ever filed by the French employees in the bankruptcy case.[5]

---

[3] BCBG France was 100% owned by SARL BCBG Max Azria Group Europe Holdings (hereinafter "BCBG Europe"), which had no operating activities. BCBG France.

[4] "Judicial bankruptcy reorganization" is the French equivalent of Chapter 11 in the United States.

[5] On June 9, 2017, BCBG France filed proofs of claim against three of the Debtors in the Bankruptcy Court asserting damages claims arising from the Debtors' alleged termination of their trademark and wholesale agreements and asserting a right of setoff ("Claims 901, 902 & 903"). All of Claims 901, 902 and 903 have since been withdrawn by BCBG France.

9. The Plan Administrator has fully completed the wind down of the operations of the Debtors' business, including the disposition of all remaining assets of the estates. All unsecured creditor distributions have been completed in accordance with the terms of the Plan. All Post-Effective Date obligations of the Plan Administrator have been fully performed.

10. Accordingly, it is my belief that closing the Remaining Cases is warranted in accordance with section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: February 6, 2025

John Boken
Chief Financial Officer and
Authorized Representative of the
Plan Administrator for Runway
Liquidation Holdings, LLC