Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                        :
**In re**                                               :          **Chapter 11**
                                                        :
**RUNWAY LIQUIDATION**                                  :          **Case No. 17-10466 (PB)**
**HOLDINGS, LLC, et al.,**[1]                           :
                                                        :          **Jointly Administered**
          **Debtors.**                                  :
------------------------------------------------------------------x

<u>**CERTIFICATE OF NO OBJECTION**</u>

I, Robert J. Feinstein, Esq. of Pachulski Stang Ziehl & Jones LLP, counsel to David MacGreevey, in his capacity as plan administrator (the "<u>Plan Administrator</u>"), hereby certify as follows:

1.      On February 10, 2025, the Plan Administrator filed and served his Motion (the "<u>Motion</u>") for entry of a final decree (the "<u>Final Decree</u>") closing the above-captioned chapter 11 cases, the Declaration of John Boken, and the Notice of Hearing. [Docket Nos. 1295, 1296 and 1297].

2.      Appropriate notice was given to the parties. [Docket No. 1298].

---

[1]  The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include:  Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

4913-5078-3019.1 08467.001

3.      On March 14, 2025, the Plan Administrator filed and served the Closing Report in

Chapter 11 Case. [Docket Nos. 1299 and 1300].

4.      The deadline to object to the Motion was March 20, 2025. More than forty-eight

hours has passed after the expiration of the time to file an objection.

5.      As of today, March 24, 2025, no objection, responsive pleading, or request for a

hearing with respect to the Motion has been filed or served.

6.      The Plan Administrator requests that the Court enter a Final Decree, substantially

in the form attached hereto as **Exhibit A**, (i) granting the relief sought in the Motion, and (ii)

granting such other and further relief as the Court may deem just and proper.

7.      The undersigned counsel for the Plan Administrator is available to respond to any

questions the Court may have regarding the proposed Final Decree. Absent questions, the

undersigned counsel respectfully requests that the Court enter the Final Decree at its earliest

convenience.


Dated: March 24, 2025                          PACHULSKI STANG ZIEHL & JONES LLP

                                               /s/ *Robert J. Feinstein*
                                               Robert J. Feinstein
                                               Bradford J. Sandler
                                               780 Third Avenue, 34th Floor
                                               New York, New York 10017-2024
                                               Telephone:  212-561-7700
                                               Facsimile:  212-561-7777

                                               *Counsel to the Plan Administrator*

**Exhibit A – Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RUNWAY LIQUIDATION HOLDINGS, LLC, *et al*.,[1] | Case No. 17-10466 (PB) |
| | Jointly Administered |
| Debtors. | |

## <u>ORDER OF FINAL DECREE CLOSING THE CHAPTER 11 CASES</u>

Upon the Motion[2] of the Plan Administrator, pursuant to section 350(a) of the

Bankruptcy Code and Bankruptcy Rule 3022, for entry of a final decree (this "<u>Final Decree</u>")

closing the Remaining Cases, as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

Order of Reference from the United States District Court for the Southern District of New York,

dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the

United States Constitution; and this Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having

reviewed the Motion and the Declaration of John Boken and determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and this Court having

found that the relief requested in the Motion is in the best interests of the Debtors, their estates and

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include:  Runway Liquidation Holdings, LLC (6857) and Runway Liquidation, LLC (5942).

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4913-5078-3019.1 08467.001

creditors, and other parties in interest; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The following cases are hereby closed, effective immediately: Runway Liquidation

Holdings, LLC, Case No. 17-10466 and Runway Liquidation, LLC, Case No. 17-10465.

3.      The Plan Administrator shall pay the U.S. Trustee any quarterly fees due pursuant

to 28 U.S.C. § 1930, together with any applicable interest due pursuant to 31 U.S.C. § 3717, within

25 days of the entry of this Order of Final Decree. Within 20 days after the entry of the Order, the

Debtors shall provide to the U.S. Trustee an affidavit indicating cash disbursements through the

first quarter of 2024 and for any additional period concluding on or before the date that the Final

Decree is entered by the Bankruptcy Court.

4.      Donlin, Recano & Company, Inc. ("Donlin Recano") shall (a) prepare final claim

registers for the clerk's office, pursuant to the guidelines for implementing 28 U.S.C. § 156(c),

and (b) box and transport all claims to the Federal Archives at the direction of the office of the

Clerk of Court. The services of Donlin Recano as the official claims and noticing against for the

Debtors, pursuant to 28 U.S.C. § 156(c) and prior order of this Court, are hereby terminated and

released.

5.      Following entry of this Order, the Plan Administrator shall file a consolidated

closing report with respect to all of the Debtors, pursuant to Local Rule 3022-1.

6.      Entry of this Final Decree is without prejudice to the rights of the Plan

Administrator or any party in interest to seek to reopen the Remaining Cases for cause pursuant to

section 350(b) of the Bankruptcy Code.

7.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Decree. Furthermore, the Court shall retain jurisdiction over any matter in these chapter 11 cases, including with respect to all matters described in Article XI of the Plan.

Dated: _____, 2025
New York, New York

_____
HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE